## SOUSA v SCHULTZ

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10425. Decided April 28, 1930

Francis J. Cook, Cleveland, for Sousa.
Schwan, Schwan & Thobaben, Cleveland, for Shultz.

**358**

**VICKERY, PJ.**

The argument is very ingenuous by which counsel seeks to maintain an action for the damages which resulted irrespective of what caused them. He admits that an action for assault and battery would be barred in one year and he admits, for he must do so, that his action was not brought within the year, but he says it is the **damages** that he is after. That is a very naive statement. Of course, lawsuits of this sort are brought for damages, but how the damages can be separated from the cause which created them is rather mysterious. If there had been no assault, there would not have been any damages, and so the damages must necessarily relate to the assault and the battery. Learned counsel seems to forget that in assault and battery cases and damages resulting from assault and battery, the time when the action must be brought is governed by a special statute and that takes it from under the general statute which he invokes to make his argument.

There are only two rights of action that grow out of an assault and battery case: one is by the State for breaking the peace and dignity of Ohio, which is a criminal action prosecuted in the name of the State; and the other is the right of the injured party to recover for such injuries as he or she—she in this case—received from the assault and battery.

I followed very closely the rather ingenuous argument of the learned counsel and I confess I cannot quite see the point that he is making, but I am satisfied of one thing: that so far as this lawsiut is concerned, if there had not been an assault and battery there would not have been a right to recover, and the right to recover in an assault and battery case depends upon the time within which the action is brought, and the statute has been construed in this State many, many times to mean that the action must be brought within one year from the time of the accruing of the cause of action.

There is no direct authority that is cited to us, but there are a few cases that seem to point that way that have been cited to us. We can come to no other conclusion but that this action was for assault and battery, or damages that resulted from the assault and battery, and the petition is very explicit in setting up that this was a wilful malicious assault, and inasmuch as it was not brought within one year from the time of the assault,—from the time of the accruing of the right of action,—and there being nothing to show that the party was under disability and could not bring suit before, the question having been properly raised by a special demurrer setting up the statute of limitations, we cannot see how the court could have done other than it did.

Not finding any error in this record that would warrant us in disturbing the judgment of the court below, the same will, therefore, be affirmed.

Sullivan and Levine, JJ., concur.