**WILLIAMS, Plaintiff-Appellant, v. PRESSMAN, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22724.   Decided May 27, 1953.

Cornelius Maloney, Cleveland, for plaintiff-appellant.

P. H. Cassidy, H. S. Pressman, Cleveland, for defendant-appellee.

(DOYLE, PJ, STEVENS, J, HUNSICKER, J, of the Ninth District sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J.:

An appeal on questions of law is before this court from a judgment entered after the trial court directed the jury to return a verdict for the defendant, the appellee herein.

The appellant, Mary Pringle Williams, was having domestic troubles. The appellee, Herman S. Pressman, was the lawyer engaged to represent Carroll Williams, her husband. Mrs. Williams telephoned Mr. Pressman and asked him if she could talk with the lawyer and her husband about some bonds and corporation stock certificates which were missing from her safe deposit box. Mr. Pressman arranged the conference which Mrs. Williams requested, and the discussion was held in his office. In the course of this conference, Mr. Pressman asked Mrs. Williams to leave his office. In order to get her to go, he took her by the arm and led her to the door leading out of the reception room into the hallway of the building. At the door Mrs. Williams stopped and inquired again concerning the bonds and stock. In the words of Mrs. Williams—"It was quite a conversation between the office and the door." Then Mrs. Williams said: "He (Mr. Pressman) opened the door and shoved me out *.* *." The "shove," Mrs. Williams claims, caused her to fall to the floor, resulting in injuries for which she seeks damages in the action filed against Mr. Pressman.

The conference and the claimed injuries occurred on Febru-

ary 3, 1949. The action for damages was filed on January 19, 1951. The trial court determined, at the conclusion of the case for Mrs. Williams, that the action was one arising out of an assault and battery, and hence that it was subject to the limitations set out in §11225 GC. Counsel for Mrs. Williams claims that §11224-1 GC, applied. This latter statute fixes a two-year period in which actions for bodily injury shall be commenced.

If the conduct of Mr. Pressman amounted to a battery, then the trial court was correct in directing a verdict for the defendant. On the other hand, if such conduct was not a battery, but was the result of negligence, then the action was commenced within the time limit set out by statute. **Arend v. Mylander, 39 Oh Ap 277.**

We think the law is clear that, where one comes to another's home, or, as in this case, to his office, and causes a disturbance and refuses to leave after being requested to do so, such force as is necessary may be used to eject the person so requested from the premises, "and the law does not closely, nor nicely, measure the force which the defendant used to effect that purpose." **Armuleuis v. Koblitz, 114 Oh St 73, at p. 75.**

And see: **Hammond v. Ray, 50 Oh Ap 47;** Humphrey Co. v. Cohen, 16 C. C. (N. S.) 284; 6 C. J. S., Assault and Battery, Sec. 20 c (2) (a).

The complaint of Mrs. Williams is that Mr. Pressman, although he had the right to eject her from his office, used more force than was necessary to effect this purpose, and was thus acting not unlawfully, but negligently.

If Mr. Pressman was acting unlawfully in so using greater force than was necessary, he was guilty of a battery, and the one-year statute would apply. In other words, what is the legal effect of using more force than is necessary to eject one, as in the instant case, from the premises?

There is no question but that Mr. Pressman intended to put Mrs. Williams out of the office, although he did not intend the result that did occur. An assault and battery is not negligence, for such action is intentional, while negligence connotes an unintentional act.

It has been determined that "A mere trespass on real estate does not justify the owner in the use of fire arms in driving the trespassers from the premises * * *." Cordes v. Mason, 14 C. C. (N. S.) 70.

Where one uses more force than is necessary in ejecting a person from his premises, he cannot successfully invoke the defense of reasonable force, and consequently such person is liable for the injuries inflicted.

6 C. J. S. Assault and Battery, Sec. 20 c (2) (a), and cases cited in notes 7 and 8 on p. 820.

Noonan v. Luther, 206 N. Y. 105, 99 N. E. 178.

Ryan v. Marren et al, 213 Mass. 556, 104 N. E. 353.

The situation we have here is analogous to the degree of force used in a case wherein the defense of self-defense is raised. As is said in 4 Am. Jur. Assault and Battery, Sec. 51:

"In other words, to the extent that excessive violence and unnecessary force is used in repelling an assault, one becomes liable as trespasser and subject to an action for assault and battery."

An action, in some respects resembling the instant case, is **Sousa v. Schultz, 8 Abs 357,** in which the Court of Appeals for the Eighth District determined that the damages cannot be separated from the cause that produced them, and hence the one-year statute of limitations relating to assault and battery actions was held to apply.

We therefore determine that, from the circumstances and the evidence in this case, the action was one in assault and battery, based upon the excessive use of force adopted to eject Mrs. Williams from the premises, and that consequently the one-year statute of limitations applies. The trial court did not commit error prejudicial to the substantial rights of the plaintiff in entering judgment for the defendant on the directed verdict.

Judgment affirmed. Exceptions noted. Order see journal.

DOYLE, PJ, STEVENS, J, concur.