GRIMM, APPELLANT, *v.* WHITE ET AL., APPELLEES.

(No. 80AP-313—Decided December 18, 1980.)

*Messrs. Frick & Voltolini* and *Mr. John R. Garbo, Jr.,* for appellant.

*Simakis & Simakis Co., L.P.A.,* and *Mr. George K. Simakis,* for appellees.

McCORMAC, J. Plaintiff-appellant, James Grimm, filed an amended complaint in the Court of Common Pleas of Franklin County alleging that one of the defendants, The Underground, Inc., a corporation, negligently hired and maintained in its employ two persons (Paul White and Michael Psapatsarus) who were known to have violent propensities, who had, in the past, battered customers, and who, on January 7, 1978, committed an assault and battery upon plaintiff. White and Psapatsarus were also named as defendants in the

complaint which was initially filed on November 13, 1979, more than one year after the date of the alleged assault and battery. The complaint also alleged that The Underground, Inc. (Underground, Inc.) was negligent in allowing its employees to attack and viciously beat plaintiff and that the company failed to use ordinary care to protect plaintiff while on the premises. Compensatory damages were sought against Underground, Inc., and the two employees who allegedly committed the battery.

The defendants' motion to dismiss the amended complaint for failure to state a claim against them for the reason that the applicable statute of limitations had run was sustained by the trial court as to all parties and judgment has now been entered accordingly (making what was previously a premature appeal, mature).

Plaintiff has appealed, asserting the following assignment of error:

"In sustaining defendants, Underground, Inc. and Psapatsarus's Motion to Dismiss, the trial court erred in that it misconstrued the cause of action in the Amended Complaint filed by the plaintiff-appellant in that said Amended Complaint clearly states a cause of action based upon negligence and not upon assault and battery."

R. C. 2305.11(A) provides for a one-year statute of limitations for actions for assault and battery. Clearly that statute is applicable to bar the actions against the two employees, White and Psapatsarus, whose actions can only be characterized as assault and battery, which cannot be considered an action for negligence subject to a two-year statute of limitations. See *Dean* v. *Angelas* (1970), 24 Ohio St. 2d 99. Thus, the actions against White and Psapatsarus were properly dismissed as being barred by the statute of limitations.

However, plaintiff proceeded in his amended complaint against Underground, Inc., the employer of White and Psapatsarus, not on the basis of *respondeat superior,* but on the basis that Underground, Inc., was itself negligent, which negligence resulted in the assault and battery being committed upon plaintiff by the two employees of the establishment.

The issue is whether the alleged, independent negligence of Underground, Inc., which, allegedly, proximately resulted in an intentional tort being committed upon plaintiff by the

company's employees, is also subject to the one-year assault and battery statute of limitations, or whether, like other negligence actions for bodily injury, it is subject to a two-year statute of limitations.

The cases relied upon by the trial court and appellees all involve actions against the person who committed the assault and battery rather than against a third person. In those cases, it has been held that, through clever pleading or by utilizing another theory of law, the assault and battery cannot be transferred into another type of action subject to a longer statute of limitations as it would circumvent the statute of limitations for assault and battery to allow that to be done. See *Dean* v. *Angelas, supra; Sousa* v. *Schultz* (1930), 8 Ohio Law Abs. 357; and *Williams* v. *Pressman* (1953), 69 Ohio Law Abs. 470. None of those decisions involved an attempt to hold a third party liable for damages proximately caused by an assault and battery based upon independent acts of negligence.

The action against Underground, Inc., is based upon negligence rather than upon an intentional tort. Plaintiff is not attempting to establish liability against Underground, Inc., through imputed liability based upon the acts of its employees, but, instead, seeks liability against Underground, Inc., for damages, allegedly, proximately caused by Underground's own breach of duty. When liability is based thereon (on Underground's alleged breach of duty), it is immaterial whether the damages were caused by the battery of their employees or of a stranger.

In *Dean* v. *Angelas,* the action was directed only against the person committing the battery, thus allowing no exception to the one-year statute of limitations; however, under different circumstances, there may be a different result, as reflected by the following dicta:

"Where no special relationship between the adversary parties is shown (see annotation, 90 A.L.R. 2d 1244, Section 8), we are unable to surmount the hurdle that the General Assembly, after providing that actions for bodily injury generally may be commenced within two years of their accrual, specifically limited bodily injury actions arising from assault and battery to a one-year commencement. *State, ex rel. Bd. of Edn.,* v. *Schumann* (1966), 7 Ohio St. 2d 41, 43; *Adrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47." *Dean* v. *Angelas, supra,* at 104.

There was a different relationship in this case, as there was in the case of *Murray* v. *Modoc State Bank* (1957), 181 Kan. 642, 313 P. 2d 304. In *Murray,* a negligence action was held to be proper against a bank for the assault and battery of its employee based upon the alleged negligence of the bank in hiring and retaining its employee, irrespective of the fact that the time for filing an action for assault and battery had elapsed. See, also, Annotation 90 A.L.R. 2d 1230, 1244, Section 8.

After the alleged assault and battery was committed upon plaintiff, there were two possibilities of liability against Underground, Inc.: (1) liability could be imputed to it by the principle of *respondeat superior* where it would not be necessary to prove that Underground, Inc., was negligent, as it would be sufficient to prove that its employees were acting within the scope of their duty; and, (2) liability could be based upon the independent negligence of the employer, Underground, Inc., in the hiring and retaining of the employees who allegedly assaulted plaintiff, or for other independent acts of negligence if such acts proximately resulted in the harm to plaintiff. After the statute of limitations had run for an assault and battery action, the first possibility no longer existed. Not only could the employees not be held liable for assault and battery, the action against them being barred by the statute of limitations, but also their employer could not be held responsible for imputed liability based upon the theory of assault and battery. However, an action for independent negligence, not based upon imputed liability, still existed, subject to the two-year statute of limitations for negligence. Of course, punitive damages could not be recovered in the negligence action; and, punitive damages have not been sought.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed so far as the dismissal of the claim against Underground, Inc., is concerned. The cause is remanded to the trial court for further proceedings consistent with this decision.

*Judgment affirmed in part*
*and reversed in part*
*and cause remanded.*

REILLY and MOYER, JJ., concur.