ECKHART, APPELLANT, *v.* ROBERT E. LEE MOTEL, APPELLEE.

(No. 81AP-62—Decided June 4, 1981.)

*Ms. Leda M. C. Hartwell,* for appellant.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. Steven B. Ayers* and *Mr. John W. Gunderson,* for appellee.

McCORMAC, J. Connie Eckhart, plaintiff-appellant, has appealed the judgment of the Court of Common Pleas of Franklin County granting Robert E. Lee Motel, defendant-appellee, a directed verdict, asserting the following assignments of error:

"1. The court erred in excluding testimony relating to plaintiff's [appellant's] physical and mental condition.

"2. The court erred in granting a directed verdict for the defendant [appellee].

"3. The judgment is contrary to law."

Appellant's assignments of error will be combined for discussion as they are interrelated.

Appellant filed an amended complaint in which she demanded a $40,014.04 judgment for constructive eviction from a

motel room at the Robert E. Lee Motel for which she had paid the sum of $13.50, and $10,000 for punitive damages for humiliation and shock to her nervous system, and for attorney fees.

Appellant's evidence was that she registered as a guest at the Robert E. Lee Motel and paid in cash the sum of $13.50 for her room. After she retired, she heard a noise, awoke and saw a man standing in the doorway connecting her room to an adjacent room. The man excused himself and left without touching or threatening her. Evidently the inside connecting door to the adjacent room had not been locked on appellant's side. She then went to the motel office and requested that she be given another room or refunded her money, which was refused. Appellant was not permitted to use the telephone and, at a late hour, was directed to a public phone across the street to call the police. Finally upon arrival of the police, she was permitted to use the office telephone to call a relative who picked her up at the motel. Her room rent was not returned.

Although the complaint sounded in constructive eviction only, the main complaint of appellant at trial and on appeal was that the motel employee insulted and humiliated her by acting as though he believed that she was a prostitute rather than a guest having a legitimate complaint.

It was stipulated that a physician would testify to certain mental and physical stress that appellant had suffered as a result of this episode.

The trial court directed a verdict against appellant finding that she had sought damages only for constructive eviction and that she had not proved that the motel or its employees had caused her eviction.

Appellant's brief asserts only that she was entitled to have the jury consider her case for compensatory and punitive damages based upon the outrageous treatment of the motel employee in responding to her legitimate complaint about the unexpected and frightening intrusion of the man into her motel room.

The trial court did not err in directing a verdict against appellant. Negligence was not alleged on the part of the motel. There was no constructive eviction because of the unexpected entry of the man from the adjoining room into appellant's room. Appellant said that she thought the door that she saw inside her room went to a closet and undoubtedly the man in the adjoining room thought the same thing, as he excused himself and promptly left, closing the door, after seeing appellant. At most, there may have been negligence on the part of a motel employee in not checking to see that the interior door was locked on appellant's side before renting her the room. In order to establish a constructive eviction, there must be proof of active interference by the landlord or someone authorized by the landlord which compelled the tenant to leave. There was no evidence that the motel employee was involved in the intrusion nor is there a reasonable inference of that arising from his subsequent boorish behavior.

The primary gist of appellant's argument is that she was entitled to present her case to a jury for consideration of damages for the insult and humiliation she felt after being treated very insensibly by the motel clerk upon making her complaint, part of which was in the presence of the police officer. While that type of treatment is not to be condoned, plaintiff has stated no basis in law for recovery of compensatory or punitive damages for mental and physical suffering caused by the alleged insulting treatment. Mental suffering unaccompanied by physical impact may not lead to recoverable damages in the absence of proof of another tort, such as slander or invasion of privacy. There was no allegation of slander or negligence in the complaint. Invasion of privacy was alleged in the original complaint, but deleted by partial summary judgment, following which the amended

82

complaint was filed without that assertion. The correctness of the summary judgment ruling has not been challenged on appeal. In summary, plaintiff failed to plead or prove any recognizable cause for tort recovery in Ohio. Insulting treatment alone does not provide the basis for recovery of damages.

Plaintiff's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and NORRIS, J., concur.