### Arbogast v. Zickert
### Case No. 88-G1476
### Geauga County, (11th)
### Decided January 12, 1990
[Cite as 1 AOA 428]

Atty. Richard P. Ziegler, 8505 Tanglewood Square, Chagrin Falls, Ohio 44022, for Plaintiff-Appellant.

Atty. Jerome W. Cook, 25th Floor, Terminal Tower, Cleveland, Ohio 44113, for Defendant-Appellee.

MAHONEY, J.

This is an accelerated calendar case.

This appeal is brought by plaintiff-appellant, Vere Arbogast, from a judgment of the trial court granting defendant-appellee's, Michael Zickert's, motion for summary judgment.

Appellant filed a complaint against codefendant, Frederick Zickert, on February 2, 1987, alleging that on April 20, 1986, Frederick Zickert "* * * unlawfully and maliciously struck and forcibly pushed the [appellant] onto the hood of a motor vehicle by pushing [appellee] on top of [appellant]."

On October 20, 1987, appellant filed a motion for leave to amend his original complaint which was granted by the trial court on October 26, 1987. On that same date, appellant filed his amended complaint adding Michael Zickert as a new party defendant. In his amended complaint appellant alleged that "* * * [appellee], Michael Zickert, negligently caused bodily injury to [appellant] by failing to exercise due care, by negligently allowing himself to be forcibly pushed into and down on top of [appellant], by [defendant], Frederick Zickert, with the result that [appellant] sustained injuries * * *."

On October 28, 1987, appellee filed a motion in opposition to appellant's amended complaint. On November 13, 1987, the trial court put on an order which provided that the court would treat appellee's motion in opposition as motion for summary judgment. On December 17, 1987, appellee filed a motion for summary judgment. On February 8, 1988, the trial court denied appellee's motion, and on June 30, 1988 appellee filed a motion for reconsideration on his motion for summary judgment. On August 2, 1988, the trial court granted appellee's motion for summary judgment. From this order, appellant appeals, and assigns as error the following:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF IN GRANTING DEFENDANT MICHAEL ZICKERT'S MOTION FOR SUMMARY

JUDGMENT UPON MOTION FOR RECONSIDERATION."

Appellant argues that it was error for the trial court to grant summary judgment for the appellee because the underlying cause of action he alleged was based upon "negligence" rather than assault and was subject to a two-year statute of limitations rather than one year.

In determining the applicable statutory period, the court must "* * * look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded." *Hambleton* v. *R.G. Barry Corp.* (1984), 12 Ohio St. 3d 179, 183. The record indicates that the essential character of the tort alleged in appellant's complaint and in his amended complaint is an intentional act of aggression and, therefore, the statute of limitations for assault and battery governs even though the act was pleaded as an act of negligence.

Attached to appellee's motion for summary judgment is the deposition of Vicki Cooper, appellee's witness, which provides evidence of the altercation between appellant and appellee Michael Zickert. The record is silent as to appellant's assertion that appellee, Michael Zickert, allowed himself to be pushed by his father prior to or during the course of the incident. The language employed in the appellant's affidavit, while concluding negligent conduct, provides no factual assertions under oath that establish a basis to conclude that the alleged conduct of appellee, Michael Zickert, was in fact negligence so as to create a genuine issue of material fact in light of the deposition of Vicki Cooper. Rather, the deposition provides evidence that appellee, Michael Zickert, intentionally threw appellant up on the hood of the vehicle and hit appellant several times in the face. Vicki Cooper, an eyewitness to the altercation, stated that, "[h]e [Michael Zickert] grabbed him [appellant] and threw him down on the car and started whaling on his face." This testimony indicates as intentional act of aggression, not a negligent act. Thus, from the evidence submitted, the underlying tort is one of assault rather than negligence. Independently, one will not be able to circumvent the statute of limitations by "creative wording" and "imaginative pleading."

The Supreme Court of Ohio has expressly rejected a pleading of this nature. In *Love* v. *Port Clinton* (1988), 37 Ohio St. 3d 98, the Court held in its syllabus, "[w]here the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence."

The Court reasoned:

"* * * To hold otherwise would defeat the assault and battery statute of limitations. Nearly any assault and battery can be pled as a claim in negligence. We agree with the court in *Grimm* v. *White* (1980), 70 Ohio App. 2d 201, 203, which recognized that: '* * * [T]hrough clever pleading or by utilizing another theory of law, the assault and battery cannot be [transformed] into another type of action subject to a longer statute of limitations as it would circumvent the statute of limitations for assault and battery to allow that to be done.'"

The same holding applies here. The trial court was correct in granting summary judgment and dismissing appellant's complaint as being barred by the assault and battery statute of limitations.

Appellee, Michael Zickert, argues that Civ. R. 15 will not permit the amended pleading to relate back to the date of the original filing date of February 2, 1987, because the amended complaint adds a new party and, hence, creates a new cause of action.

Appellee's argument is well taken since Civ. R. 15(C) specifically provides, "[a]n amendment changing a party against whom a claim is asserted relates back if * * *, within the period provided by law for commencing the action against him, * * *"

The Court of Appeals of Cuyahoga County in *Samstag* v. *McDonough* (1975), 75 O. O. 2d 354, syllabus, held:

"Within the context of Civil Rule 15(C), the phrase '*** within the period provided by law for commencing the action against him, ***' means that the provisions of Civil Rule 15(C), which must be satisfied within the applicable period of limitations; * *."

See, also, *Baringer* v. *Lomicka* (Jan. 20, 1988), Mahoning App. No. 86 C.A. 60, unreported, and *Zink* v. *Zavakos* (Jan. 23, 1987), Montgomery App. No. 9947, unreported.

For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

FORD, P. J., ECONOMUS, J., Mahoning County Court of Common Pleas, sitting by assignment, Concur.