**Edmond P. GREINADER, et al., Plaintiffs,**

v.

**DIEBOLD INCORPORATED, et al., Defendants.**

**No. C2–89–710.**

United States District Court, S.D. Ohio, E.D.

July 6, 1990.

Herbert Lawrence, Hilliard, Ohio, for plaintiffs.

Jonathan Vaughn, Columbus, Ohio, for defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court upon Defendants', Diebold Incorporated and J. Richard Winters, motion to dismiss portions of the Plaintiffs', Edmond P. Greinader and Esther L. Greinader, Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). This matter was originally before the Court of Common Pleas of Licking County. The defendants removed the matter to federal court based on original jurisdiction pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* as alleged in Plaintiff's First Claim. The additional claims are brought through pendent jurisdiction

## FACTS

Plaintiff, Edmond P. Greinader ("Mr. Greinader") was hired by Defendant, Diebold Incorporated ("Diebold"), on January 28, 1984. Co-plaintiff, Esther L. Greinader, ("Mrs. Greinader"), was at all times relevant, married to Mr. Greinader. Mr. Greinader was employed by Diebold for approximately thirteen (13) years in a number of capacities. On July 24, 1987, Mr. Greinader was fired. Plaintiff alleges this was without cause.

At the time of his termination, Mr. Greinader was sixty-two (62) years old. Plaintiff contends he was well versed and experienced in the business for which he was employed; he was physically qualified; and fully able to perform the labor and tasks assigned to him. The plaintiff further alleges that the termination was based on age and that it served to cause him to lose earnings, benefits and suffer physical and emotional pain. Mrs. Greinader makes similar claims based on her husband's termination.

## DECISION

The object of a motion to dismiss is to test the sufficiency of the pleadings. All well pleaded facts are taken as true and the complaint is liberally construed in favor of the party opposing the motion. *L'Orange v. Medical Protective Co.*, 394 F.2d 57, 59 (6th Cir.1968). However, such a motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

The motion to dismiss, as filed by the defendants, address eight (8) of the ten (10) claims set forth in the Complaint. Specifically, the defendants ask that this Court dismiss the second claim, which deals with "outrageous conduct"; the third claim, concerning intentional infliction of emotional distress; the fourth claim, regarding breach of an employment agreement; the fifth claim, which addresses breach of contract; and the seventh claim in relation to wrongful discharge. The other three claims defendants ask to be dismissed, Claims 8, 9 and 10, are claims by Mrs. Greinader for loss of support, intentional infliction of emotional distress and breach of contract, respectively. Each of these issues shall be addressed *seriatim.*

## A. OUTRAGEOUS CONDUCT

The defendants argue that "outrageous conduct" per se, is not a recognized cause of action. To this end the defendants cite *Eckhart v. Robert E. Lee Motel*, 2 Ohio App.3d 80, 82, 440 N.E.2d 824 (Franklin Ct.App.1981), wherein the Court stated that outrageous conduct "alone does not provide the basis for recovery of damages."

In response, plaintiffs interpret *Eckhart* to also provide that if the outrageous conduct is accompanied by another tort it is compensable. The plaintiffs further argues that Mr. Greinader's employment-at-will was modified to create an employment

agreement whereby, assumably, just cause was then required to terminate the employment relationship. He then extends this logic to provide that a covenant of good faith and fair dealing is found in all agreements, therefore once an employment agreement is created the covenant exists. Apparently the logical extension of plaintiff's argument, which he attempted to bring to light through the memorandum contra, is that a breach of the covenant of good faith can give rise to a claim of "outrageous conduct."

The Court disagrees with the plaintiffs' argument and thus the defendants' motion to dismiss is hereby GRANTED. Such a claim is best served by an emotional distress argument, which is the next claim the defendants ask to be dismissed.

## B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■ Defendants argue that the third claim, a claim for relief based on intentional infliction of emotional distress, should be dismissed because termination of an employment relationship in and of itself does not constitute the intentional infliction of emotional distress. The Defendants properly set forth the test as provided by *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 453 N.E.2d 666 (1983). In particular the defendants argue that no set of facts exist that could give rise to "extreme and outrageous" conduct.

Without going into the plaintiff's counter argument, and mindful that the instant facts probably will not be sufficient to carry an intentional infliction of emotional distress claim for relief, the Court still must DENY defendants' motion so as to not preclude such a possibility. As discovery goes forward this Court is able to imagine a set of facts that "go beyond all possible bounds of decency." Therefore, although such a possibility seems remote at this time, it is premature to dismiss such a possibility. Instead, if additional egregious facts do not present themselves, sufficient to constitute outrageous behavior, this Court would be willing to entertain a mo-

tion for summary judgment as to that issue.

## C. FOURTH AND FIFTH CLAIMS; BREACH OF EMPLOYMENT AND BREACH OF CONTRACT

■ The defendants have asked that *either* the fourth or fifth claim be dismissed as they are essentially the same. The plaintiffs did not directly respond to the defendants' argument, rather they recited the law pertaining to the amendment of an employment-at-will by an employees' handbook or a personnel manual, coupled with the case law relating to ADEA, Title VII and other topics relevant to the instant case, but not relevant to the instant issue.

Nonetheless, it would appear that the fourth and fifth claim are duplicative of one and other. As such, the Court takes it upon itself to GRANT defendants' motion for dismissal as it relates to the fourth claim, leaving the plaintiff's fifth claim for relief based upon breach of contract.

## D. WRONGFUL DISCHARGE

■ The plaintiff's seventh claim states that the defendants' actions constitute the tort of wrongful discharge. The defendants ask that this claim be dismissed inasmuch as the Ohio Supreme Court in *Phung v. Waste Management, Inc.*, 23 Ohio St.3d 100, 491 N.E.2d 1114 (1986), expressly held that the tort of wrongful discharge is not recognized as a cause of action in Ohio. In response, the plaintiff attempted to narrow the holding in *Phung*, and distinguished it from the instant case by labeling *Phung* as a "whistle blowing", "public policy" case.

While the Court is not persuaded by the plaintiff's attempt to distinguish the cases based on the "whistle blowing" fact pattern of *Phung*, the Court likewise, finds little merit in the defendants' broad interpretation of *Phung*. The Supreme Court of Ohio, in *Phung*, was clearly preserving the existence of the at-will employee under Ohio law, and the general rule that "either party to an oral employment-at-will agreement may terminate the employment relationship for any reason which is not contrary to law." *Id.* at 102, 491 N.E.2d 1114,

citing, *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 103, 483 N.E.2d 150 (1985). Thus, Ohio had not accepted a public policy exception to the employment-at-will doctrine. Nonetheless, the defendants' assertion that *Phung* held that the tort of wrongful discharge is not recognized in Ohio, is correct, but only as to employees-at-will. In the case *sub judice*, there are sufficient assertions, which for purposes of this Opinion must be taken as true, that the defendants' actions modified an at-will-employment relationship, thus creating the need for the defendants to have just cause to terminate the employment relationship. Failure to show just cause could be the basis for a wrongful discharge claim. As such, Defendants' motion to dismiss the seventh claim is hereby DENIED.

## E. CLAIMS EIGHT, NINE AND TEN; MRS. GREINADER

■ The defendants have further asked this Court to dismiss the eighth, ninth and tenth claims as set forth by the Complaint. These claims are those of Mrs. Greinader. In the eighth claim for relief the plaintiff, Mrs. Greinader, states that her husband's termination has caused her to lose his emotional support, services, society, conjugal affection and rights. The ninth claim for relief is an intentional infliction of emotional distress claim by Mrs. Greinader. And, the tenth and final claim for relief is a breach of an employment agreement claim as it relates to the wife. In the memorandum contra filed by the plaintiffs, they failed to address the motion to dismiss as to these three claims. Nonetheless, the Court will address each below.

■ The motion to dismiss the eighth claim argues that the claim is essentially a loss of consortium claim, and that such a claim is not supported by a contract action. Instead, in Ohio, a spouse's claim for loss of consortium is triggered by a personal injury suffered by the spouse as the result of a third party's negligence. *Baltimore and Ohio Railroad Co. v. Glenn*, 66 Ohio St. 395, 64 N.E. 438 (1902); *Clouston v. Remlinger Oldsmobile Cadillac*, 22 Ohio St.2d 65, 258 N.E.2d 230 (1970); and *Dean*

*v. Angelas*, 24 Ohio St.2d 99, 264 N.E.2d 911 (1970). Defendants further bolster their argument with the unreported case of *Soltis v. Schindler Elevator Corp.*, Lucas App. No. L–87–230, 1988 WL 55603 (May 27, 1988). In *Soltis*, the husband John M. Soltis was discharged from his employment. Soltis' wife, Diana Soltis filed a complaint against the company alleging wrongful discharge, defamation, age discrimination and loss of consortium. The trial court dismissed all of the wife's claims. In upholding the trial court's decision, the Court of Appeals stated as follows:

> This court has refused to view the case at bar as being prosecuted under any tort theory. Loss of consortium is a derivative cause of action arising from an injury to one's spouse by the tortious conduct of a third party. *Clouston v. Rembinger Oldsmobile Cadillac, Inc.*, (1970), 22 Ohio St.2d 65, 72 [258 N.E.2d 230]. *See, also, Viock v. Stowe–Woodward Co.*, (1983), 13 Ohio App.3d 7, 16 [467 N.E.2d 1378]. Injury, if any, to Mr. Soltis was not caused by any tortious conduct of appellee Schindler. Thus, appellant Diana Soltis cannot plead loss of consortium under the common law of Ohio. Nor do appellants set forth any specific facts or arguments which indicate that R.C. 4101.17(B) authorizes a cause of action by the spouse of a person who has been discriminated against by his or her employer due to age.

*Id.* at 10. This Court accepts the holding in *Soltis*, and as such the defendants' motion to dismiss the eighth claim is hereby GRANTED.

The motion to dismiss the ninth claim argues that since the third claim for relief, Mr. Greinader's claim that the termination constituted an intentional infliction of emotional distress, should be dismissed, the ninth claim which is a derivative claim must also be dismissed. As previously held, this Court is not inclined to dismiss the third claim until additional discovery had been completed. The Court likewise holds that this matter shall be better addressed in a motion for summary judgment if the lack of discovery bears out such a conclusion.

Therefore, the defendants' motion as to the ninth claim is hereby DENIED.

The final issue before the Court is the wife's claim for Breach of Contract. For those reasons set forth in the defendants' motion for dismissal, this claim should be dismissed. Therefore, the defendants' motion for dismissal as to the tenth claim is GRANTED.

### SUMMARY

Therefore, it is this Court's Order that Claims 2, 4, 8 and 10 be DISMISSED pursuant to Defendants' motion.

IT IS SO ORDERED.