This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Roland Dawson has appealed from an order of the Wayne County Court of Common Pleas that entered judgment on the pleadings in favor of Defendant-Appellee Astrocosmos Metallurgical, Inc. This Court affirms.
 I {¶ 2} On February 2, 2001, Mr. Dawson filed a complaint naming as defendants Astrocosmos Metallurgical, Inc., Astrocosmos Metallurgical, Inc. d/b/a/ Astro Metallurgical, Inc., and Astrocosmos Metallurgical, Inc. c/o an individual alleged to be its statutory agent (collectively, "Astrocosmos"). The complaint also named as defendants Eveready Battery Company, Inc. and several entities in connection therewith (collectively, "Eveready"), and ten unknown John Does.[1] The first paragraph of the complaint alleged that the matter was a refiled action, the original complaint having been filed on June 10, 1999, and voluntarily dismissed on February 7, 2000.
 {¶ 3} Under the heading "Count I" of his complaint, Mr. Dawson alleged that at all relevant times he was an employee of Astrocosmos and was performing duties within the course and scope of his employment — to wit, cutting, grinding, sanding, welding, and/or burning an anode/battery panel provided by Astrocosmos. "Count I" of Mr. Dawson's complaint further alleged that while he was grinding, sanding, and/or welding such a battery panel on June 11, 1998, some component of the panel ignited or exploded, causing him to suffer severe and permanent personal injuries.
 {¶ 4} The remaining paragraphs of Mr. Dawson's complaint were separated by headings with numbered counts which, unlike "Count I," specified particular claims for relief. Count II asserted an intentional tort claim against Astrocosmos. Counts III and IV alleged, respectively, negligent and intentional infliction of emotional distress by Astrocosmos. Count V was captioned "PUNITIVE DAMAGES," and requested punitive damages and attorney's fees against Astrocosmos for its alleged "actual malice and egregious action including a conscience [sic] disregard for [Mr. Dawson's] rights and safety[.]" The complaint sought judgment against Astrocosmos in the amount of ten million dollars, plus costs and attorney's fees.
 {¶ 5} Astrocosmos filed an answer to the complaint which set forth numerous affirmative defenses, but the answer did not assert the defense that Mr. Dawson's claims were barred by statutory limitations provisions. Astrocosmos thereafter filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C),[2] on the ground that the claims were barred by the applicable statutes of limitations. Mr. Dawson filed a memorandum in opposition to the motion, in which he argued in part that Astrocosmos waived the statute of limitations defense by its failure to assert it by motion before pleading, in a responsive pleading, or by an amendment to the pleadings. The trial court ultimately denied Astrocosmos' motion for judgment on the pleadings, citing its failure to plead the statute of limitations defense in its original answer.
 {¶ 6} Having been made aware of the deficiency in its original pleading, Astrocosmos moved for leave to amend its answer so as to include the statute of limitations defense. Astrocosmos attached a copy of its proposed amended answer as "Exhibit 1" to its motion for leave to file an amended answer, and requested that the court grant its motion for leave to file "and deem, as filed, the Amended Answer attached hereto as Exhibit 1." In June 2001, the trial court granted Astrocosmos' motion for leave to amend its answer.
 {¶ 7} Astrocosmos then filed a second motion for judgment on the pleadings, in which it restated its argument that Mr. Dawson's claims were barred by the applicable limitations provisions. Mr. Dawson filed a memorandum in opposition to the motion. In his memorandum, Mr. Dawson contended that the limitations provisions applicable to his claims against Astrocosmos had not expired, and also argued for the first time that his complaint articulated a claim for battery against Astrocosmos. According to Mr. Dawson's memorandum, his claim for battery was entitled to the benefit of the one-year savings provision for refiled actions, and was therefore not barred by any limitations provisions.
 {¶ 8} On March 11, 2002, the trial court entered an order for the purpose of clarifying its reasoning for granting Astrocosmos' motion for leave to file an amended answer. On that same date, the court entered an order granting Astrocosmos' second motion for judgment on the pleadings. In its order, the court held that Mr. Dawson's intentional tort and emotional distress claims were time barred, and that the complaint failed to state a cause of action against Astrocosmos for battery. Mr. Dawson has timely appealed from the order granting judgment on the pleadings in favor of Astrocosmos, asserting three assignments of error. We have rearranged Mr. Dawson's assignments of error to facilitate review.
 II Assignment of Error Number Two {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING [ASTROCOSMOS'] MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER WHERE [ASTROCOSMOS] HAD WAIVED THE STATUTE OF LIMITATIONS DEFENSE BY FAILING TO ASSERT THE DEFENSE PRIOR TO FILING ITS MOTION."
 {¶ 10} In his second assignment of error, Mr. Dawson has argued that the trial court erred in granting Astrocosmos leave to file its amended answer so as to include the defense that Mr. Dawson's claims were barred by the applicable statutes of limitations. Mr. Dawson has contended that Astrocosmos waived the statute of limitations defense by failing to assert it prior to the time when Astrocosmos filed its first motion for judgment on the pleadings on statute of limitations grounds.
 {¶ 11} Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense." As an affirmative defense "other [than] those listed at Civ.R. 12(B)," the statute of limitations defense is waived if not raised in the pleadings or by an amendment to the pleadings. Jim'sSteak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18, 20,1998-Ohio-440.
 {¶ 12} Civ.R. 15(A) sets forth certain circumstances under which leave of court is required to amend a pleading, and provides that "[l]eave of court shall be freely given when justice so requires." An appellate court reviews a trial court's decision on a motion for leave to file an amended pleading under an abuse of discretion standard.Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122. "`[A]buse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." (Internal quotations omitted.) Id., quoting Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87.
 {¶ 13} Mr. Dawson has contended that Astrocosmos waived the statute of limitations defense by filing its first motion for judgment on the pleadings without previously asserting the defense in either its answer or an amendment thereto. Consequently, Mr. Dawson has argued, the trial court abused its discretion in granting Astrocosmos' subsequent motion for leave to amend its answer. In support of his argument, Mr. Dawson has cited numerous cases in which courts have held that certain affirmative defenses not raised in a pleading or amendment to a pleading are waived. See, e.g., Mills v. Whitehouse Trucking Co. (1974),40 Ohio St.2d 55, 59-60 (holding statute of limitations defense raised for the first time at trial by oral motion to dismiss was waived);Motorists Ins. Cos. v. Shields, 4th Dist. No. 00CA26, 2001-Ohio-2387, at 7, appeal not allowed (2001), 92 Ohio St.3d 1417 (holding statute of limitations defense raised for first time in brief filed after court had conducted hearing on motion for summary judgment was waived); Mossa v.W. Credit Union, Inc. (1992), 84 Ohio App.3d 177, 181 (holding statute of frauds defense raised for first time in summary judgment motion was waived).
 {¶ 14} In the instant case, by contrast, Astrocosmos requested and was granted leave to amend its answer to include the statute of limitations defense prior to filing its second motion for judgment on the pleadings. Mr. Dawson has cited no authority for the proposition that by filing its first motion for judgment on the pleadings, Astrocosmos irrevocably waived the statute of limitations defense and was permanently prohibited from asserting the defense by seeking leave of court to amend its answer. Rather, the Ohio Supreme Court has stated that "the language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." Hoover v. Sumlin (1984),12 Ohio St.3d 1, 6.
 {¶ 15} This Court has previously stated that "[p]rejudice has been found where a defendant seeks to assert defense[s] at a time when the plaintiff could not adequately prepare to litigate them." Weber v. OrianaHouse, Inc. (Oct. 25, 1995), 9th Dist. No. 17162, at 3. Moreover, the Ohio Supreme Court has found that no prejudice was visited upon plaintiffs where a trial court granted leave to amend an answer to include a statute of limitations defense where plaintiffs "faced no obstacles by the amendment which they would not have faced had the original pleading raised the defense." Hoover, 12 Ohio St.3d at 6.
 {¶ 16} Mr. Dawson has failed to show bad faith or undue delay on the part of Astrocosmos, undue prejudice to his interests, or an abuse of the trial court's discretion in granting Astrocosmos leave to amend its answer. The matter had not yet been set for trial, and the parties had not even commenced discovery during the interval between Astrocosmos' answer to the complaint and its motion for leave to amend its answer. Nor has Mr. Dawson identified any obstacles presented by the amendment that he would not have faced had Astrocosmos raised the defense in its original answer. Mr. Dawson's second assignment of error is not well taken.
 Assignment of Error Number One {¶ 17} "THE TRIAL COURT ERRED IN HOLDING THAT [MR. DAWSON] FAILED TO STATE A CLAIM FOR BATTERY IN THE COMPLAINT."
 {¶ 18} In his first assignment of error, Mr. Dawson has argued that the trial court erred in concluding that his complaint failed to articulate a claim for battery against Astrocosmos. Mr. Dawson has maintained that the one-year statute of limitations for battery set forth at R.C. 2305.111 expired on June 11, 1999, while his original complaint was still pending. Since he voluntarily dismissed the original complaint after the statute of limitations for battery had expired, Mr. Dawson has contended, the savings provision at R.C. 2305.19 afforded him one year from the date of the dismissal of his original complaint to refile the claim.
 {¶ 19} Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When considering a defendant's motion for judgment on the pleadings pursuant to Civ.R. 12(C), the trial court must construe as true all material allegations in the complaint, together with all reasonable inferences to be drawn therefrom. Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, 165-166. The determination of a motion for judgment on the pleadings is restricted solely to the allegations of the pleadings. Id. at 166. To uphold a judgment on the pleadings pursuant to Civ.R. 12(C), a reviewing court must find, beyond a doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested. Lin, 84 Ohio App.3d at 99.
 {¶ 20} "A person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results." Love v. Port Clinton (1988), 37 Ohio St.3d 98, 99, citing Restatement of the Law 2d, Torts (1965) 25, Section 13. "To make the actor liable for a battery, the harmful bodily contact must be caused by an act done by the person whose liability is in question." (Emphasis omitted.) Hunter v. Shenango Furnace Co. (1988), 38 Ohio St.3d 235, 237, quoting Restatement of the Law 2d (1965) Torts 26, Section 14. In order to be classified as a battery, the actual nature of the action must claim an overt, positive, or affirmative act on the part of the defendant.Hunter, 38 Ohio St.3d at 237-238.
 {¶ 21} We begin by noting that none of the claims in Mr. Dawson's refiled complaint expressly articulates a cause of action for battery. Nevertheless, "[i]n determining the applicable statute of limitations in a given action, * * * the crucial consideration is the actual nature or subject matter of the cause, rather than the form in which the complaint is styled or pleaded." Id. at 237; see, also, Funk v. Rent-All Mart,Inc. (2001), 91 Ohio St.3d 78, 81, 2001-Ohio-270 ("Although a complaint may label its cause of action an `intentional tort,' we look to the actual nature or subject matter pleaded in the complaint."). The Ohio Supreme Court has also stated:
 {¶ 22} "[T]hrough clever pleading or by utilizing another theory of law, the assault and battery cannot be [transformed] into another type of action subject to a longer statute of limitations as it would circumvent the statute of limitations for assault and battery to allow that to be done." [Alterations sic.] Love, 37 Ohio St.3d at 100, quotingGrimm v. White (1980), 70 Ohio App.2d 201, 203; see, also, Wenzel v. AlCastrucci, Inc. (June 18, 1999), 2nd Dist. No. 17485, 1999 Ohio App. LEXIS 2802, at *24 (characterizing an attempt to restyle a claim in response to a motion to dismiss on statute of limitations grounds as an attempt "to circumvent the limitations of the savings statute," in the same way the appellant in Love sought to circumvent the applicable statute of limitations through "clever pleading").
 {¶ 23} In Hunter, the Ohio Supreme Court reversed the court of appeals' determination that the plaintiff's claim for intentional tort sounded in battery and was therefore subject to the one-year statute of limitations at R.C. 2305.111. Hunter, 38 Ohio St.3d at 238. The court found that the plaintiff's allegation that his employer allowed a condition to exist which was substantially likely to cause injury to the plaintiff failed to allege an overt, positive, or affirmative act necessary to plead a cause of action for battery. Id. The court determined that the one-year limitations period of R.C. 2305.111 may apply to some intentional torts that properly take the form of a battery, and cited as an example Zehnder v. Tuscarawas Cty. Engineers (May 28, 1987), 5th District No. 86 AP 100074, 1987 Ohio App. LEXIS 7274. Hunter,38 Ohio St.3d at 238. In Zehnder, the court concluded that the shorter limitations period of R.C. 2305.111 was applicable to the intentional tort where the plaintiff alleged in his complaint that he "was pushed from a truck by James Moran and pushed to the ground," and that the defendant employer actively participated in the intentional tort.Zehnder, supra at *1.
 {¶ 24} The Ohio Supreme Court followed and extended Hunter inFunk, wherein the court held: "Unless the circumstances of an action clearly indicate a battery or any other enumerated intentional tort in the Revised Code, a cause of action alleging bodily injury as a result of an intentional tort by an employer * * * will be governed by the two-year statute of limitations established in R.C. 2305.10." Funk,91 Ohio St.3d 78, syllabus.
 {¶ 25} After reviewing the complaint, we conclude that the allegations pleaded by Mr. Dawson do not clearly indicate the commission of a battery by Astrocosmos. Specifically, the complaint does not allege any overt, positive, or affirmative act on the part of Astrocosmos or anyone under Astrocosmos' control causing an offensive contact. Mr. Dawson has pointed to language in the complaint in which he alleges that "Astrocosmos acted to require [Mr. Dawson] to continue to perform" work on the battery panels — work which he also alleges was within the course and scope of his employment. With respect to the requirement that a battery claim allege that the overt, positive, or affirmative act caused a harmful contact, Mr. Dawson's complaint alleged only that a battery panel on which he was working ignited or exploded, causing him to suffer personal injuries.
 {¶ 26} Mr. Dawson's complaint may have met the threshold pleading requirement for an employer intentional tort. See, e.g., Mitchell v.Lawson Milk Co. (1988), 40 Ohio St.3d 190, syllabus. However, Mr. Dawson's conclusory allegation that Astrocosmos "acted" to require him to perform work on a battery panel which ignited or exploded is insufficient to demonstrate "circumstances of an action [that] clearly indicate a battery," Funk, 91 Ohio St.3d 78, syllabus, as required to remove the claim from the realm of employer intentional torts that are subject to the two-year statute of limitations at R.C. 2305.10. Mr. Dawson's first assignment of error is without merit.
 Assignment of Error Number Three {¶ 27} "THE TRIAL COURT ERRED IN HOLDING THAT THE SOLE REMEDY FOR [MR. DAWSON'S] EMOTIONAL DISTRESS CLAIMS WAS [R.C. 4123.90]."
 {¶ 28} In his third assignment of error, Mr. Dawson has argued that the trial court erred in entering judgment on the pleadings in favor of Astrocosmos on Mr. Dawson's claims for negligent and intentional infliction of emotional distress. Mr. Dawson has contended that the trial court erroneously deemed these claims "parasitic" to a claim for retaliation by Astrocosmos for Mr. Dawson's pursuit of remedies under the workers compensation act, and erroneously concluded that these claims were therefore subject to the one-hundred-eighty-day limitations provision set forth at R.C. 4123.90.
 {¶ 29} In Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, the Ohio Supreme Court recognized as an independent cause of action the intentional infliction of serious emotional distress. Id. at 374. The court in Yeager specifically acknowledged that the approach adopted therein "discards the requirement that intentionally inflicted emotional distress be `parasitic' to an already recognized tort cause of action[.]" Id. The court then determined that the statute of limitations applicable to the intentional infliction of emotional distress claim before the court was four years, pursuant to R.C. 2305.09. Id. at 375.
 {¶ 30} However, Yeager does not stand for the proposition that every claim which invokes an intentional infliction of emotional distress allegation is entitled to the benefit of the four year limitations provision applied in that case. In Doe v. First United Methodist Church
(1994), 68 Ohio St.3d 531, the Ohio Supreme Court addressed what statute of limitations was applicable to the plaintiff's claims for battery, negligence, and intentional infliction of emotional distress. Id. at 536. "To determine which of these * * * statutes applies to [the plaintiff's] claims against [the defendant]," the court declared, "it is necessary to determine the true nature or subject matter of the acts giving rise to the complaint." Id. Citing Love, 37 Ohio St.3d at 99, the court affirmed that "the form of the pleading does not govern the question as to which statute of limitations is to be applied." Doe,68 Ohio St.3d at 536.
 {¶ 31} After examining the allegations of the complaint before it, the court in Doe concluded that "the essential character of [the plaintiff's] claims against [the defendant] entailed intentional acts of offensive contact[,]" and all three claims were therefore subject to the one-year period of limitations applicable to claims for assault and battery. Id. at 536-537. "The fact that [the plaintiff] pled negligence and intentional infliction of emotional distress cannot be allowed to mask or change the fundamental nature of [the plaintiff's] causes of action which are predicated upon acts of sexual battery." Id. at 537.
 {¶ 32} This Court has applied the reasoning of Doe in considering the statutes of limitations applicable to various asserted causes of actions. In Vandiver v. Morgan Adhesive Co. (1998), 126 Ohio App.3d 634,639, we concluded that the acts on which the plaintiff based his claims of emotional distress were, in essence, acts of assault and battery subject to a one-year statute of limitations. In Manin v. Diloreti
(1994), 94 Ohio App.3d 777, 779-780, we determined that the facts alleged in the plaintiff's complaint essentially stated a claim for battery, even though the plaintiff claimed that he was only seeking recovery based on an intentional infliction of serious emotional distress. Id. at 779. In affirming the trial court's dismissal of the complaint as barred by the one-year statute of limitations for battery claims, we explained that "[a]ny emotional distress plaintiff suffered was caused by the alleged battery and compensatory damages for that distress would be recoverable as part of the damages recoverable for the alleged battery." Id.
 {¶ 33} In the case sub judice, Mr. Dawson's claims for negligent infliction of emotional distress alleged, in part:
 {¶ 34} "In retaliation for [Mr. Dawson] having been injured and pursuing legal remedies for those injuries, [Astrocosmos] humiliated, embarrassed, demeaned, and belittled [Mr. Dawson] by[3] requiring [him] to perform menial tasks unrelated to his work experiences, qualifications and job training." (Footnote added.)
 {¶ 35} Mr. Dawson's complaint went on to assert that he incurred serious and severe emotional distress, psychological injuries, and mental anguish as a result of Astrocosmos' conduct and the injuries and damages he sustained during the ignition or explosion of the battery panel.
 {¶ 36} We agree with the trial court that the essential nature of Mr. Dawson's claims are premised upon alleged psychological injuries resulting from Astrocosmos' degrading treatment of Mr. Dawson in retaliation for his pursuit of workers' compensation remedies. The Ohio Revised Code sets forth a specific cause of action for such conduct by an employer:
 {¶ 37} "No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment[.]" R.C. 4123.90.
 {¶ 38} R.C. 4123.90 also includes a limitation provision for employee actions alleging retaliatory conduct by an employer:
 {¶ 39} "The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, demotion, reassignment, or punitive action taken, and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken." R.C. 4123.90.
 {¶ 40} Mr. Dawson has argued that the absence of the words "workers' compensation" from his complaint precluded the trial court from concluding that his emotional distress claims were essentially causes of action for employer retaliation pursuant to R.C. 4123.90. However, Mr. Dawson's claims did allege "retaliation for [Mr. Dawson] having been injured and pursing legal remedies for those injuries[.]" (Emphasis added.) While generally the Workers Compensation Act provides the exclusive remedy for injuries sustained by an employee in the course of and arising out of his employment, see Ohio Constitution, Section 35, Article II; R.C. 4123.74, "workers who have been injured as a result of intentional torts [are not required] to seek redress from the workers' compensation system." Bunger v. Lawson Co. (1998), 82 Ohio St.3d 463,466.
 {¶ 41} The first paragraph of Mr. Dawson's complaint stated that the action was a refiled complaint, the original complaint having been filed on June 10, 1999 and thereafter voluntarily dismissed. Mr. Dawson asserted his intentional tort claim against Astrocosmos for the first time in the original complaint in June 1999. In that same complaint, he alleged that Astrocosmos inflicted emotional distress by assigning him menial job assignments in retaliation for pursuing "legal remedies" for his injuries. Accordingly, the deduction that the pursuit of "legal remedies" to which Mr. Dawson's complaint refers consisted of workers' compensation claims under R.C. Chapter 4123 did not require the trial court to resort, impermissibly, to matters outside the pleadings.
 {¶ 42} Because Mr. Dawson failed to timely notify Astrocosmos or timely institute an action for its alleged retaliatory conduct, the trial court properly determined that he was barred from pursuing such claims in his refiled complaint, and properly granted judgment on the pleadings with respect to these claims in favor of Astrocosmos. Mr. Dawson's third assignment of error is without merit.
 III {¶ 43} Mr. Dawson's assignments of error are overruled. The judgment of the trial court is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.
[1] Mr. Dawson never amended his complaint to identify by name any of the John Doe defendants, and the trial court entered summary judgment in favor of Eveready at a relatively early stage of the proceedings. As none of the claims in the complaint relative to these defendants is before this Court, we will confine our discussion to those aspects of the pleadings that are pertinent to Mr. Dawson's claims against Astrocosmos.
[2] At the trial court and in their arguments to this Court, both parties have referred to Astrocosmos' dispositive motions as "motions to dismiss." The trial court properly characterized these motions as motions for judgment on the pleadings, and we will likewise so refer to them throughout this opinion. See Lin v. Gatehouse Constr. Co. (1992),84 Ohio App.3d 96, 99 ("[A] motion to dismiss filed after the pleadings have closed * * * is appropriately considered a motion for judgment on the pleadings pursuant to Civ.R. 12(C).").
[3] In his claim for intentional infliction of emotional distress, Mr. Dawson reproduced this paragraph verbatim, except the words "intentionally and acting with malice" were inserted at this point in the text.