{¶ 55} I concur in the majority opinion with respect to the First Assignment and the Fourth Assignment.
 {¶ 56} I also concur as to the Third Assignment but for the reason that bad faith is inapplicable as sufficient reasons, while perhaps incorrect, existed as to non-payment of the medical expenses.
 {¶ 57} I dissent as to the Second Assignment in reliance onDean v. Angelas (1970), 24 Ohio St.2d 99.
 {¶ 58} An obligation to pay Appellant's husband's necessary medical bills was created by R.C. 3103.03(A), which states:
 {¶ 59} "(A) Each married person must support the person's self and spouse out of the person's property or by the person's labor. If a married person is unable to do so, the spouse of the married person must assist in the support so far as the spouse is able. The biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor."
 {¶ 60} In the Dean case, the Ohio Supreme Court stated:
 {¶ 61} "The difficulty with that position is that the wife also alleges that `she has incurred medical expense' on behalf of her husband. There seems to be no valid reason why she should not be permitted, under that allegation and without misleading the defendant, to show that such expenses were paid, or contracted to be paid, out of her separate property. The important fact is that they were not paid out of the husband's property so that the defendant does not run the risk of double payment."
 {¶ 62} The court in this case also, by its Civ.R. 56 ruling, prevented Appellant from establishing the necessary medical bills to which she became statutorily liable and whether, as such, they then fell within the policy language with respect to an obligation to pay.