MANIN, Appellant,

v.

DILORETI, Appellee.

[Cite as *Manin v. Diloreti* (1994), 94 Ohio App.3d 777.]

Court of Appeals of Ohio,
Summit County.

No. 16561.

Decided May 25, 1994.

*Michael Manin,* pro se.

*Robert Laybourne,* for appellee.

DICKINSON, Judge.

Plaintiff Michael Manin has appealed from a judgment of the Barberton Municipal Court that dismissed his complaint against defendant Joe Diloreti because it had not been filed within the one-year statute of limitations applicable to actions for battery. He has argued that the trial court incorrectly dismissed his complaint because it did not state a claim for battery, but rather stated a claim for intentional infliction of serious emotional distress to which a four-year statute of limitations was applicable. This court affirms the judgment of the trial court because the claim set forth in plaintiff's complaint was a claim for battery that had not been commenced within the applicable one-year statute of limitations.

## I

Plaintiff filed his complaint in the trial court on July 16, 1993. The averments of his complaint were as follows:

"1. On or about July 16, 1991, in the City of Green at 881 Guinevere Cir. Defendant Diloreti grabbed Plaintiff and struck him with blunt object on the back of the head, at the same time violently beat him with his fists and verbally abusing him.

"2. By virtue of the above acts, Defendant Diloreti intentionally inflicted emotional distress, disgrace, embarrassment and great mental anguish upon Plaintiff.

"3. The above-described misconduct was perpetrated upon Plaintiff maliciously by Defendant Diloreti.

"4. As a direct and proximate cause of the above-described misconduct of Defendant Diloreti, Plaintiff has suffered extreme mental and physical injuries."

Plaintiff prayed for compensatory damages of $10,000 plus punitive damages, costs, and "such other and further relief as the Court deems just."

On September 3, 1993, defendant moved to dismiss plaintiff's complaint on the ground that he had not commenced his action within the one-year statute of limitations applicable to claims for battery. The trial court granted defendant's motion on November 1, 1993, and plaintiff appealed to this court.

## II

In *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666, the Ohio Supreme Court first recognized intentional infliction of serious emotional distress as an independent tort. In doing so, it discarded "the requirement that intentionally inflicted emotional distress be 'parasitic' to an already recognized tort cause of action" to permit recovery. *Id.* at 374, 6 OBR at 426, 453 N.E.2d at 671. The Supreme Court held that the four-year statute of limitations set forth in R.C. 2305.09 was applicable to the newly recognized independent tort of intentional infliction of serious emotional distress. *Id.* at 375, 6 OBR at 426, 453 N.E.2d at 671–672.

Although the plaintiff in this case asserted in his complaint that defendant, by his alleged actions, had intentionally inflicted emotional distress on him, those same alleged actions would have constituted a battery. In *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 629 N.E.2d 402, the Ohio Supreme Court held that it is necessary to look to the "essential character" of a plaintiff's claim in order to determine the applicable statute of limitations. In that case, a plaintiff had filed a complaint in which he averred that he had been sexually abused. He sought recovery based upon theories of battery, negligence, and intentional infliction of serious emotional distress. The Ohio Supreme Court held that plaintiff's claim was essentially a claim of battery and that, therefore, the one-year statute of limitations for battery was applicable:

"The fact that appellant pled negligence and intentional infliction of emotional distress cannot be allowed to mask or change the fundamental nature of appellant's causes of action which are predicated upon acts of sexual battery." *Id.* at 537, 629 N.E.2d at 407.

In this case, the plaintiff claimed that he was only seeking recovery based upon intentional infliction of serious emotional distress. The facts averred in his complaint, however, essentially stated a claim for battery. Any emotional distress plaintiff suffered was caused by the alleged battery and compensatory damages for that distress would be recoverable as part of the damages recoverable for the alleged battery. When a party suffers emotional distress that is "parasitic" to another tort, the applicable statute of limitations is the one that

applies to actions based upon that other tort. In this case, the one-year statute of limitations for battery set forth in R.C. 2305.111 is applicable. Inasmuch as plaintiff's action was not filed within one year of defendant's alleged attack upon him, the trial court correctly dismissed his complaint. Plaintiff's assignment of error is overruled.

## III

Plaintiff's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.