HIDEY, Appellant,

v.

OHIO STATE HIGHWAY PATROL et al., Appellees.

[Cite as *Hidey v. Ohio State Hwy. Patrol* (1996), 116 Ohio App.3d 740.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96API06–803.

Decided Dec. 19, 1996.

*Steven G. Thomakos,* for appellant.

*Betty D. Montgomery,* Attorney General, *Gregg H. Bachmann* and *Peggy Corn,* Assistant Attorneys General, for appellees.

---

TYACK, Judge.

On December 9, 1994, Kathy J. Hidey filed a complaint in the Court of Claims of Ohio against the Ohio State Highway Patrol ("OSHP") and Ronald S. Zambori. Hidey averred that on December 30, 1992, she was a passenger in a car driven by her boyfriend. Zambori, a state highway patrol trooper, stopped the driver for speeding. Apparently, Patrolman Zambori believed that Hidey possessed drugs or weapons. Therefore, while on the berm of the interstate, he pulled Hidey's pants away from the front of her body and then pulled her pants and underwear away from the back of her body, shining a flashlight in the areas. He then placed her in the patrol car and ordered her to show him her left breast. Additional facts will be discussed later in this opinion. Hidey alleged that these incidents caused her extreme embarrassment, humiliation, and mental distress. She also alleged, among other things, that the state of Ohio committed gross negligence in failing to train Patrolman Zambori with regard to conducting a proper strip search.

Pursuant to R.C. 2743.02(E), Patrolman Zambori was dismissed as a party to the action. OSHP filed an answer, admitting that Patrolman Zambori had improperly and unlawfully conducted a search of Hidey. On February 29, 1996, Hidey filed a motion for leave to amend her complaint. The trial court granted this motion, and on March 8, 1996, Hidey filed an amended complaint. In this complaint, Hidey set forth four claims based upon the same incident as alleged in the original complaint: battery, false arrest, false imprisonment, invasion of privacy, and respondeat superior.

On March 28, 1996, OSHP filed a Civ.R. 12(B)(6) motion to dismiss, contending that each of Hidey's claims was barred by the applicable statutes of limitations. Hidey responded to this motion and also filed a motion for judgment on the pleadings. On May 17, 1996, the trial court filed an entry of dismissal. The trial court found that all of Hidey's claims were intentional torts that, pursuant to R.C. 2743.16(A), 2305.11 and 2305.111, must be brought within one year of accrual of the causes of action. Hidey filed the original complaint almost two years after the incident. Accordingly, the trial court dismissed the amended complaint.

Hidey ("appellant") has appealed the dismissal of her amended complaint to this court, assigning three errors for our consideration:

"Assignment of Error I

"The trial court erred in finding as a matter of law that the statute of limitations for an invasion of privacy is one year pursuant to R.C. 2305.11 and R.C. 2305.111.

"Assignment of Error II

"The trial court erred in not finding appellee's [*sic*] waived the statute of limitations as to battery, false arrest and false imprisonment.

"Assignment of Error III

"The trial court erred in not granting plaintiff judgment on the pleadings as to appellant's allegation of invasion of privacy."

In her first assignment of error, appellant contends that the trial court erred in holding that the statute of limitations for an invasion of privacy is one year pursuant to R.C. 2305.11 and 2305.111. First, we note that because this action was brought in the Court of Claims, it is governed by R.C. 2743.16(A). R.C. 2743.16(A) states:

"[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

As indicated above, the trial court held that each of appellant's claims was barred by the one-year statutes of limitations found in R.C. 2305.11 and 2305.111. R.C. 2305.11 sets forth the time limitation for bringing an action for false imprisonment. An action for false arrest must also be brought within one year pursuant to R.C. 2305.11. *Mayes v. Columbus* (1995), 105 Ohio App.3d 728, 746, 664 N.E.2d 1340, 1352, citing *Rogers v. Barbera* (1960), 170 Ohio St. 241, 10 O.O.2d 248, 164 N.E.2d 162; *Alter v. Paul* (1955), 101 Ohio App. 139, 1 O.O.2d 80, 135 N.E.2d 73; *Haller v. Borror* (June 14, 1994), Franklin App. No. 93APE12–1657, unreported, 1994 WL 265660. R.C. 2305.111 sets forth the time limitation for actions for battery. This leaves appellant's invasion of privacy claim. The trial court found that each of appellant's claims, including invasion of privacy, was an intentional tort subject to the one-year statutes of limitations found in R.C. 2305.11 and 2305.111.

An action for invasion of privacy is not specifically listed in any statute of limitation. In *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 629 N.E.2d 402, the Supreme Court of Ohio stated that in order to determine the applicable statute of limitations for a particular claim, it is necessary to determine the true nature or subject matter of the acts giving rise to the complaint, rather than the form in which the action is pleaded. *Id.* at 536, 629 N.E.2d at 406–407, quoting *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR

246, 249–250, 465 N.E.2d 1298, 1302. In *Doe*, a young man sued a former choir director for battery, negligence, and intentional infliction of emotional distress. The claims arose out of incidents involving sexual activity between the plaintiff and the choir director that were initiated by the choir director. The trial court apparently found that the action against the choir director was a claim for bodily injury which was governed by a two-year statute of limitations.

The Supreme Court, in applying the standard set forth above, held that a claim for relief premised upon acts of sexual abuse is subject to the one-year statute of limitations for assault and battery. *Doe*, at paragraph one of the syllabus. The Supreme Court noted that the claims asserted by the plaintiff were premised upon the choir director's repeated acts of sexual contact with the plaintiff, acts that were clearly intentional acts of offensive touching. The fact that the plaintiff pled negligence and intentional infliction of emotional distress could not mask the fundamental nature of such causes of action—sexual battery. *Id.* at 537, 629 N.E.2d at 407–408. Therefore, the plaintiff's causes of action were subject to the one-year statute of limitations for assault and battery. *Id.* at 536–537, 629 N.E.2d at 406–408.

Hence, as the Supreme Court in *Doe* made clear, it is immaterial what appellant pled in her amended complaint. We must determine the true nature or subject matter of the acts giving rise to the complaint in order to determine the statute of limitations for appellant's invasion of privacy claim. As indicated above, appellant filed an amended complaint on March 8, 1996. An amended complaint supersedes and replaces the original complaint. *Abram & Tracy, Inc. v. Smith* (1993), 88 Ohio App.3d 253, 263, 623 N.E.2d 704, 710–711; *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 519, 620 N.E.2d 152, 156. Hence, we look to the amended complaint in order to determine the true nature of the acts giving rise to it. We also note that this is in the context of a Civ.R. 12(B)(6) motion to dismiss, and therefore we must presume that all factual allegations in the amended complaint are true and make all reasonable inferences in favor of appellant. *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837–838, citing *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129–1130.

In her amended complaint, appellant sets forth five separate claims for relief. Under Count. No. 4, appellant alleged invasion of privacy and referred to Patrolman Zambori's conduct as averred to earlier in the complaint. When taken as true, the amended complaint establishes the following facts. Appellant was a passenger in a car traveling on Interstate 77. The car was being driven by her boyfriend. Patrolman Zambori stopped the vehicle because the driver was going eighty miles per hour in a sixty-miles-per-hour zone. Patrolman Zambori became suspicious when he observed the driver and appellant moving around a lot. As a

result, both appellant and the driver were asked to leave the vehicle. Patrolman Zambori took appellant to the rear of his cruiser and while on the side of the interstate and in plain view of interstate traffic, pulled appellant's pants and underwear away from the back of her body and shined a flashlight on her buttocks in observation. Patrolman Zambori also pulled her pants away from the front of her body and shined the flashlight down her pants in observation.

Patrolman Zambori then asked appellant to sit in the back of his cruiser. Patrolman Zambori got into the driver's seat. He saw what he believed was a suspicious lump over appellant's left breast and asked her if she had anything in her pocket. Appellant pulled out a piece of paper and showed it to him. Patrolman Zambori then required appellant to unbutton her blouse, take her left breast out of her bra cup, show him that nothing was inside of her bra, and expose her left breast to him. Finding nothing, Patrolman Zambori issued the driver a citation and allowed the couple to go.

■ In her amended complaint, appellant contended that those acts constituted battery, false imprisonment and arrest, and invasion of privacy. Appellee argues that the true nature of the acts described above is that of an intentional tort such as battery and false imprisonment, which are subject to a one-year statute of limitations. Appellant contends that the essential nature of the acts was invasion of privacy and that her invasion of privacy claim stands independent of her claims for battery, false imprisonment, and false arrest. Therefore, appellant argues that the statute of limitations for an invasion of privacy claim such as this would normally fall either under the two-year statute of limitations in R.C. 2305.10 or the four-year statute of limitations in R.C. 2305.09.

The Supreme Court of Ohio has recognized three actionable types of invasion of privacy: (1) the unwarranted appropriation or exploitation of one's personality, (2) the publicizing of one's private affairs with which the public has no legitimate concern, and (3) the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. *Housh v. Peth* (1956), 165 Ohio St. 35, 59 O.O. 60, 133 N.E.2d 340, paragraph two of the syllabus. In the case at bar, appellant claims the third type of invasion of privacy.

In *Sustin v. Fee* (1982), 69 Ohio St.2d 143, 145, 431 N.E.2d 992, 993–994, the Supreme Court stated that the scope of the third type of invasion of privacy, intrusion upon seclusion, is set forth in the Restatement of Law 2d, Torts (1965) 378, Section 652B. Section 652B states:

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the

other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."

Comment *a* to Section 652B states that in this type of invasion of privacy, it is unnecessary that any publicity be given to the person whose interest is invaded and the invasion consists solely of an intentional interference with the person's interest in solitude or seclusion.

Even more relevant to the case at bar is Comment *c* to Section 652B:

"Nor is there liability for observing him * * * while he is walking on the public highway, since he is not then in seclusion, and his appearance is public and open to the public eye. *Even in a public place, however, there maybe some matters about the plaintiff, such as his underwear or lack of it, that are not exhibited to the public gaze; and there may still be invasion of privacy when there is intrusion upon these matters.*" (Emphasis added.)

■ Battery, on the other hand, consists of an act done with the intention of causing a harmful or offensive contact, and a resulting offensive contact. *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166, 167–168, citing 1 Restatement of the Law 2d, Torts (1965) 25, Section 13. In *Love*, the Supreme Court held that where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs, even if the touching is pled as an act of negligence. *Id.* at syllabus. In both *Doe* and *Love*, the Supreme Court noted that while the plaintiffs in these cases pled negligence, which has a longer statute of limitations period, the acts of which they complained were not accidental acts but plainly intentional acts involving offensive contact. Specifically, such acts were repeated sexual contact in *Doe* and handcuffing and subduing in *Love.*

The case at bar is distinguishable from the facts of *Doe* and *Love.* As discussed above, *Doe* involved years of repeated acts of sexual conduct. *Doe,* 68 Ohio St.3d at 536, 629 N.E.2d at 406–407. *Love* involved allegations that a police officer negligently and recklessly subdued and handcuffed the plaintiff using improper police procedure. *Love,* 37 Ohio St.3d at 99, 524 N.E.2d at 167–168. In another case involving the same issue as in these cases, the Court of Appeals for Summit County found that the essential character of a claim alleging acts of grabbing and hitting is that of a battery, not intentional infliction of emotional distress. *Manin v. Diloreti* (1994), 94 Ohio App.3d 777, 778–779, 641 N.E.2d 826, 826–827. Thus, in *Doe, Love* and *Manin,* the nature of the acts giving rise to the complaints was intentional offensive touchings.

Here, one can argue that Patrolman Zambori's act of pulling appellant's pants away from her body could constitute an offensive touching. However, Patrolman Zambori did more than that. He shined a flashlight down the front of appellant's

pants in observation and down the back of her pants, observing her buttocks. These acts do not constitute an offensive touching; they constitute an intrusion upon appellant's seclusion. The facts in *Love* are only similar in that a police officer allegedly wrongfully arrested the plaintiff using improper police procedures. In doing so, the police officer subdued and handcuffed the plaintiff. This is clearly an offensive touching, whereas in this case, we have the officer looking down the appellant's pants on the side of an interstate.

Even more telling is the conduct of Patrolman Zambori requiring appellant to unbutton her blouse and expose her bra and left breast to him. This also consists of an intrusion into appellant's seclusion. Indeed, there was no touching or contact at all in this last act.

The Restatement of the Law 2d, Torts (1965) 376, Section 652A, as discussed above and as adopted in part by the Supreme Court of Ohio, sets forth a cause of action for invasion of privacy, specifically, intrusion upon seclusion. The true nature of the acts described in appellant's complaint is an intrusion upon appellant's seclusion. What is underneath her clothing is private and a part of appellant's seclusion. The intrusion upon these private matters, especially while on the side of an interstate highway, would be highly offensive to a reasonable person, and, indeed, appellant averred that those acts caused her humiliation, embarrassment, and mental distress. Had Patrolman Zambori stopped his conduct at the pulling of appellant's pants and underwear away from her body, the true nature of the acts may have been merely an offensive touching. However, Patrolman Zambori looked in her pants and at her buttocks. Without touching appellant, he required her to expose her bra and breast to him. The true nature of these acts was invasion of privacy. Therefore, the statute of limitations for appellant's invasion of privacy claim is four years pursuant to R.C. 2305.09(D). See, also, *Killilea v. Sears, Roebuck & Co.* (1985), 27 Ohio App.3d 163, 167, 27 OBR 196, 199–200, 499 N.E.2d 1291, 1295.

The trial court erred in holding that appellant's claim for invasion of privacy constituted an intentional tort subject to the one-year statute of limitations found in either R.C. 2305.11 or 2305.111. Because the true nature of the acts giving rise to appellant's claims was intrusion upon seclusion, the four-year statute of limitations set forth in R.C. 2305.09(D) would normally apply. Pursuant to R.C. 2743.16(A), therefore, the statute of limitations is two years, and appellant timely filed her invasion of privacy action in the Court of Claims.

Accordingly, appellant's first assignment of error is sustained.

In her second assignment of error, appellant contends that appellee waived the statute of limitations for battery, false imprisonment, and false arrest

because it failed to affirmatively plead the statute of limitations pursuant to Civ.R. 8(C). Civ.R. 8(C) states:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense."

As stated above, an amended complaint was filed on March 8, 1996, and this superseded the original complaint. Civ.R. 15(A) requires a party to plead in response to an amended pleading. Under Civ.R. 12(B), a party may assert a defense by motion rather than by a responsive pleading. Here, appellee responded to appellant's amended complaint with a Civ.R. 12(B)(6) motion to dismiss on statute of limitations grounds. Hence, the statute of limitations defense for appellant's battery, false imprisonment, and false arrest claims was not waived. The trial court, therefore, did not err in dismissing those claims.

Accordingly, appellant's second assignment of error is overruled.

In her third assignment of error, appellant contends that the trial court erred in failing to grant her motion for judgment on the pleadings. Appellant responded to appellee's motion to dismiss and also filed a motion for judgment on the pleadings. The trial court, however, dismissed all of appellant's claims on statute of limitations grounds and did not address appellant's motion for judgment on the pleadings. Because the trial court, albeit in part erroneously, dismissed appellant's amended complaint on statute of limitations grounds, it presumably did not need to address appellant's motion. Hence, it would be premature for us to address the issues raised in this assignment of error. Therefore, we render appellant's third assignment of error moot.

In summary, appellant's first assignment of error is sustained, the second assignment of error is overruled, and the third assignment of error is rendered moot. The judgment of the Court of Claims of Ohio is affirmed in part and reversed in part, and this cause is hereby remanded to the Court of Claims for further proceedings.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BOWMAN and LAZARUS, JJ., concur.