DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant Brenda Roberts appeals a judgment of the Medina County Court of Common Pleas dismissing her complaint for failure to state a claim. This Court affirms in part and reverses in part.
Prior to August 1997, Roberts worked for approximately ten years as a dental assistant to defendant-appellee Michael Hagen, D.D.S, in Medina, Ohio. Hagen represented to Roberts that she was a good employee and that she would not be fired without good cause.
In 1997, Hagen began having a personal relationship with another of his employees. Thereafter, Hagen asked Roberts repeatedly of her opinion of the other employee with whom he was having a relationship. Hagen promised to keep Roberts' response confidential so that she could continue to work with the other employee and the rest of Hagen's employees. Roberts alleged that she was continually pressured to disclose her opinion of the other employee to Hagen. Eventually, she relented and told Hagen her opinion (presumably a negative one), relying on Hagen's promise to not disclose Roberts' opinion to any other employees.
Hagen then quickly disclosed Roberts' opinion to the other employee. Soon thereafter, Hagen determined that Roberts and the other employee could no longer work together in the same office and discharged Roberts on August 4, 1997.
On November 26, 1997, Roberts filed a complaint in the Medina County Court of Common Pleas, naming Hagen and XYZ Corporation as defendants. The complaint alleged seven counts against Hagen and one count sounding in respondeat superior against XYZ Corporation. The complaint was later amended.
Hagen moved to dismiss the complaint as to the seven counts against him. After briefing on the issues by the parties, the trial court granted Hagen's motion on February 23, 1998, and dismissed Roberts' complaint.[1]
Roberts timely appeals and presents one assignment of error:
 The trial court erred in its finding and judgment that the First Amended Complaint failed to state a claim.
In her sole assignment of error, Roberts argues that the trial court should not have granted Hagen's motion to dismiss. She contends that each of the seven counts alleged against Hagen state a cause of action sufficient to survive a motion to dismiss under Civ.R. 12(B)(6).
When considering a Civ.R. 12(B)(6) motion to dismiss a complaint, a trial court must determine whether it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to recovery. See O'Brien v. Univ. CommunityTenants Union (1975), 42 Ohio St.2d 242, syllabus. The focus is strictly upon the complaint, as factual findings are never required. See State ex rel. Drake v. Athens Cty. Bd. of Elections
(1988), 39 Ohio St.3d 40, 41. The court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." Mitchellv. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. "[T]o survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove[.]" State exrel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545,549. "We review a dismissal under Civ.R. 12(B)(6) de novo."Mitchell v. Speedy Car-X, Inc. (1998), 127 Ohio App.3d 229, 231, citing Hunt v. Marksman Prods., Div. of S/R Industries, Inc.
(1995), 101 Ohio App.3d 760, 762.
Roberts alleged seven counts against Hagen. This Court will address each count in due course, consolidating the discussion of counts dealing with similar issues.
 Count II
Count II alleged a claim of fraudulent misrepresentation and/or negligent misrepresentation. The elements of fraud are:
 (a) a representation or, where there is a duty to disclose, concealment of a fact,
(b) which is material to the transaction at hand,
 (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
 (d) with the intent of misleading another into relying upon it,
 (e) justifiable reliance upon the representation or concealment, and
 (f) a resulting injury proximately caused by the reliance.
Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus. Viewing the complaint in a light most favorable to Roberts, Count II states a claim for fraud. The complaint alleged that Hagen made a representation to Roberts regarding the confidentiality of her opinion, which was material to the disclosure of Roberts' opinion, that the representation was made knowing it was false and with the intent to cause Roberts to rely on it, that Roberts did rely on the representation, and that as a result of the reliance, Roberts disclosed her opinion, which resulted in her termination. The allegations presented are enough to withstand a Civ.R. 12(B)(6) motion. The trial court erred by granting Hagen's motion on this claim.
Negligent misrepresentation consists of the following:
 One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
3 Restatement of the Law 2d, Torts (1977) 126-27, Section 552(1). No viable claim for negligent misrepresentation is stated in Count II. There is no allegation that Hagen had a pecuniary interest in making his assurances of confidentiality to Roberts or that the assurances were made to guide Roberts in a business transaction. As such, the trial court did not err by granting Hagen's motion to dismiss as to a claim of negligent misrepresentation.
 Count III
Roberts alleged a claim for intentional and/or negligent infliction of emotional distress in Count III.
 A claim for intentional infliction of emotional distress requires a plaintiff to show that (1) the defendant intended to cause emotional distress, or knew or should have known that the actions taken would result in serious emotional distress; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions proximately caused plaintiff's psychic injury; and (4) the mental anguish plaintiff suffered was serious.
Thatcher v. Goodwill Industries of Akron (1997), 117 Ohio App.3d 525,542, citing Hanly v. Riverside Methodist Hosp. (1991),78 Ohio App.3d 73, 82. After reviewing the complaint, this Court cannot say that Roberts could prove no set of facts that would entitle her to recovery. The complaint alleged that Hagen's actions caused her serious emotional distress, and, under the facts alleged, Roberts may be able to prove that her termination was extreme and outrageous and that Hagen knew or should have known that Roberts' termination would cause serious emotional distress. Roberts' allegations of intentional infliction of emotional distress withstand Hagen's motion to dismiss.
As to negligent infliction of emotional distress, Roberts' complaint does not allege facts sufficient to support such a claim. "Ohio courts have limited recovery for claims alleging negligent infliction of emotional distress to situations such as where the plaintiff was a bystander to an accident or was in fear of physical consequences to his own person." Gearing v.Nationwide Ins. Co. (1996), 76 Ohio St.3d 34, 40. No allegation of an accident or fear of physical harm appears in Roberts' complaint. As such, no claim for negligent infliction of emotional distress is stated, and the trial court properly granted the motion to dismiss as to this portion of Count III.
 Count IV
In Count IV, Roberts alleged the tort of invasion of privacy.
 The Supreme Court of Ohio has recognized three actionable types of invasion of privacy: (1) the unwarranted appropriation or exploitation of one's personality, (2) the publicizing of one's private affairs with which the public has no legitimate concern, and (3) the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.
Hidey v. Ohio State Hwy. Patrol (1996), 116 Ohio App.3d 744, 749, citing Housh v. Peth (1956), 165 Ohio St. 35, paragraph two of the syllabus. Roberts does not claim that Hagen violated the first or third types of invasion of privacy; therefore, only the second type will be discussed.
The second type of invasion of privacy, publicity given to private life, is set forth in 3 Restatement of the Law 2d, Torts (1977) 383, Section 652D:
 One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
 (a) would be highly offensive to a reasonable person, and
(b) is not of legitimate concern to the public.
However, "it is not an invasion of the right of privacy, within the rule stated in [Section 652D], to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." Id. at 384, Section 652D, Comment a. Roberts' complaint alleges that a matter of her private life her opinion of her co-worker — was told to only the co-worker by Hagen. Because the complaint does not allege the requisite "publicity" for this type of invasion of privacy tort, the trial court did not err by dismissing Count IV of the complaint.
 Count V
Count V alleged that Hagen violated a covenant of good faith and fair dealing with Roberts. However, there is no separate cause of action for violating a duty to act in good faith in the employment-at-will context. See Mers v. Dispatch Printing Co.
(1985), 19 Ohio St.3d 100, 105 (Ohio Supreme Court refused to recognize an exception to employment at-will "for malicious acts or a duty on the parties to act in good faith"); Lakota Loc.School Dist. Bd. of Edn. v. Brickner (1996), 108 Ohio App.3d 637,646 (no cause of action for breach of good faith exists separate from a claim for breach of contract); Brandenburger v. Hilti, Inc.
(1989), 52 Ohio App.3d 21, 27-28 (cause of action for tortious breach of duty of good faith only exists in the context of an insurance contract). The trial court did not err by granting the motion to dismiss as to Count V.
 Counts I, VI, and VII
Counts I, VI, and VII each alleged a claim of wrongful termination, based on three different theories. Count I alleged wrongful termination in violation of public policy, Count VI alleged a claim for breach of an implied employment contract, and Count VII alleged that promissory estoppel barred Hagen from terminating Roberts' employment
The public policy exception to the employment at-will doctrine was summarized in Painter v. Graley (1994), 70 Ohio St.3d 377, paragraphs two and three of the syllabus:
 2. To state a claim of wrongful discharge in violation of public policy, a plaintiff must allege facts demonstrating that the employer's act of discharging him contravened a "clear public policy."
 3. "Clear public policy" sufficient to justify an exception to the employment-at-will doctrine is not limited to public policy expressed by the General Assembly in the form of statutory enactments, but may also be discerned as a matter of law based on other sources, such as the
 Constitutions of Ohio and the United States, administrative rules and regulations, and the common law.
(Citations omitted.) When making such a determination, a court must be mindful "that an exception to the traditional doctrine of employment-at-will should be recognized only where the public policy alleged to have been violated is of equally serious import as the violation of a statute." Id. at 384.
The only basis presented by Roberts for finding a violation of public policy is that of a fraudulent misrepresentation.[2]
She contends that Hagen's fraudulent misrepresentation that he would not disclose her opinion of her co-worker to that co-worker rises to the level of a violation of a clear public policy. This Court cannot agree. While Hagen's conduct as alleged is certainly not laudable, the breach of a promise not to disclose one's opinion of another to that person does not rise to the level of gravity contemplated by the Ohio Supreme Court in Painter. Roberts' complaint does not state a cause of action sounding in wrongful termination in violation of a clear public policy. Therefore, the trial court did not err by dismissing Count I of the complaint.
The Ohio Supreme Court has recognized the doctrine of the implied oral contract for employment.
 The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge.
Mers, 19 Ohio St.3d at paragraph two of the syllabus. In the case at bar, Roberts alleged in her complaint that "Hagen, through statement, representation and course of dealing, represented to [Roberts] that she had been a good employee, would have continued employment, and would not be terminated without just cause." Roberts also alleged that she was terminated without just cause for giving her opinion of her co-worker to Hagen. The complaint sufficiently states a cause of action for breach of an implied oral employment contract to survive Hagen's motion to dismiss under Civ.R. 12(B)(6). The trial court erred by dismissing Count VI of Roberts' complaint.
The doctrine of promissory estoppel in the employment-at-will context "is not a contractual theory but a quasi-contractual or equitable doctrine designed to prevent the harm resulting from the reasonable and detrimental reliance of an employee upon the false representations of his employer." Karnes v. Doctors Hosp. (1990),51 Ohio St.3d 139, 142.
 The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee.
Mers, 19 Ohio St.3d at paragraph three of the syllabus. In this case, Roberts has sufficiently stated a cause of action for promissory estoppel. In her complaint, she alleged that Hagen made representations of continued employment and that she would not be terminated without just cause. She also alleged that she relied on these statements to her detriment. This Court cannot say that, under the facts alleged in the complaint, Roberts cannot prove any set of facts entitling her to relief under a theory of promissory estoppel. As such, the trial court erred by dismissing Count VII of the complaint.
In conclusion, the trial court erred by dismissing Counts VI and VII and by dismissing the claim for fraud in Count II and the claim for intentional infliction of emotional distress in Count III. Roberts' sole assignment of error is sustained as to those claims. The trial court correctly dismissed Counts I, IV, and V, the negligent misrepresentation claim in Count II, and the negligent infliction of emotional distress claim in Count III, and the assignment of error is overruled as to those claims. The judgment of the Medina County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part reversed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
DONNA J. CARR, FOR THE COURT.
BAIRD, P.J., BATCHELDER, J., CONCUR.
[1] The sole count against XYZ Corporation was never resolved by the trial court. However, because XYZ Corporation was never served as required by Civ.R. 3(A) and 15(D), the action was never commenced as to that party, and the trial court's order is a final, appealable order. See Zivich v. Mentor Soccer Club, Inc.
(Apr. 18, 1997), Lake App. No. 95-L-184, unreported, affirmed on other grounds (1998), 82 Ohio St.3d 367; Dillard v. NationwideBeauty School (Dec. 11, 1990), Franklin App. No. 90AP-273, unreported.
[2] Roberts also asserts negligent misrepresentation as a basis for finding her termination as being against public policy. However, a claim for negligent misrepresentation has already been found not applicable to the facts alleged in her complaint. As a result, that argument will not be addressed by this Court.