DECISION AND JUDGMENT ENTRY
Charles Mainous and the High Street Baptist Church ("the Church") appeal the judgment entered by the Scioto County Court of Common Pleas. They argue that the trial court erred by granting default judgment pursuant to Civ.R. 37 (B) (2) (c) because Mainous was not named as a defendant in the amended complaint. We agree because an amended pleading constitutes an abandonment of an earlier pleading and a reliance upon the amended one. Therefore, the court could not grant default judgment when Mainous, a non-party, failed to appear for his deposition. Mainous and the Church also argue that the trial court erred by refusing to rule on its motion for relief from judgment. We find that this argument is moot. Accordingly, we reverse the judgment of the trial court.
 I.
On October 13, 1998, Holly Hall filed a complaint for declaratory judgment against Mainous and her ex-husband, Darrin Kirker. Before any of the defendants filed a responsive pleading, Hall filed an amended complaint. This complaint named the Church and Kirker as defendants, but did not reference Mainous at all. The clerk served the amended complaint only upon the Church. Kirker answered the amended complaint. The Church then moved to dismiss the amended complaint. This motion was signed, on behalf of the Church, by "Dr. C.E. Mainous." In this motion Mainous identifies himself as the pastor of the Church.
Hall then filed a notice of the deposition of Mainous. While the certificate of service indicates that the notice was served on the Church, it does not indicate that this notice was ever served upon Mainous. The record of the attempted deposition indicates that Mainous did not appear at the scheduled deposition.
On August 26, 1999, Hall moved for a default judgment against "Defendants Charles Mainoss (sic) and [the Church.]" She argued that Civ.R. 37 (B) (2) (c) permitted default judgment against a party who fails to attend his own deposition. The next day, the trial court entered judgment against Mainous for sixty thousand dollars. This entry made no mention of the Church.
On October 26, 1999, Mainous' counsel entered an appearance on behalf of Mainous and the Church and moved for relief from judgment. In an entry filed November 1, 1999, the trial court stated:
 Inasmuch as judgment was granted on Plaintiff's Complaint as against Defendant High Street Baptist Church, further proceedings on Defendant Darrin Kirker's Answer to Plaintiff's Complaint and Amended Complaint is moot.
 Therefore the trial * * * is vacated. The Court finds that the judgment rendered above terminates this matter.
The trial court never ruled upon Mainous and the Church's motion for relief from judgment. Mainous and the Church appeal, asserting the following errors:
 I. IT WAS ERROR FOR THE COURT TO ASSERT PERSONAL JURISDICTION OVER CHARLES MAINOUS AS HE WAS NOT A DEFENDANT IN THIS CASE.
 II. IT WAS ERROR TO RENDER JUDGMENT AGAINST DEFENDANT CHARLES MAINOUS.
 III. IT WAS AN ABUSE OF THE TRIAL COURT'S DISCRETION NOT TO RULE ON DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT PRIOR TO FILING THE ENTRY OF NOVEMBER 1, 1999.
 IV. IT WAS AN ABUSE OF THE TRIAL COURT'S DISCRETION TO PUT ON AN ENTRY THAT STATES THAT A JUDGMENT AGAINST THE DEFENDANT HIGH STREET BAPTIST CHURCH RENDERS FURTHER PROCEEDINGS IN THIS CASE MOOT, WHEN, IN FACT, THERE IS NO SUCH JUDGMENT PRESENT IN THE COURT'S FILE AND NO NOTICE OF THE ENTRY WAS EVER MADE TO OPPOSING COUNSEL.
 II.
Initially, we must determine whether the trial court's judgment entry is a final appealable order. It is well established that an appellate court does not have jurisdiction to review an order that is not final and appealable. See Section 3 (B) (2), ArticleIV of the Ohio Constitution; General Acc. Ins. Co. v. InsuranceCo. of North America (1989), 44 Ohio St.3d 17; Noble v. Colwell (1989), 44 Ohio St.3d 92. When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54 (B) that there is no just cause for delay, the order is not final and appealable. Noble,supra; Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77. We must sua sponte dismiss an appeal that is not from a final appealable order. Whitaker-Merrell v. Geupel Constr. Co.
(1972), 29 Ohio St.2d 184.
We construe the two judgment entries in this case as granting default judgment against defendants Mainous and the Church and granting judgment for defendant Kirker. Thus, all claims and liabilities of all parties were resolved by the two judgment entries.
 III.
In their first, second, and fourth assignments of error, Mainous and the Church argue that the trial court erred in granting default judgment against them. A trial court possesses broad discretion, subject to the dictates of the Civil Rules, in settling procedural matters. Miller v. Lint (1980), 62 Ohio St.2d 209,214. It is the general rule that the imposition of sanctions under Civ.R. 37 (B) is a matter within the sound discretion of the trial court and will not be set aside absent a showing of an abuse of discretion. See Ward v. Hester, (1972) 32 Ohio App.2d 121
affirmed (1973) 36 Ohio St.2d 38. See, also, Boles v. LynnMann (Dec. 18, 1981), Pickaway App. No. 81CA08, unreported.
Thus, we will not reverse a trial court's decision to enter a default judgment absent an abuse of discretion. Huffer v. Cicero
(1995), 107 Ohio App.3d 65, 74; King v. Stump, (Dec. 28, 1998), Ross App. No. 97CA2349, unreported. An abuse of discretion involves more than merely an error in judgment; it means that the trial court has acted in an unreasonable, unconscionable, or arbitrary manner. Franklin Cty. Sheriff's Dept. v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 498, 506.
In this case, Hall did not include Mainous in her amended complaint. An amended complaint supercedes and replaces the original complaint. Steiner v. Steiner (1993), 85 Ohio App.3d 513,519. See, also, Hidey v. Ohio State Hwy. Patrol (1996),116 Ohio App.3d 744; Abram v. Tracy, Inc. (1993), 88 Ohio App.3d 253,263. Therefore, Mainous was not a party to this case once Hall filed her amended complaint. A trial court may not grant default judgment against a defendant when the amended complaint fails to name that defendant, even if that defendant is named in the original complaint. Ross v. Jones (June 30, 1988), Butler App. No. CA87-10-135, unreported. Therefore, the trial court abused its discretion when it granted a default judgment against Mainous.
Additionally, Hall's motion for default judgment against the Church was based on a misunderstanding of the identity of the parties to the case. She moved for default judgment on the basis that Mainous, as a party, had failed to attend his deposition. Civ.R. 37 (D) provides that if a party or a party's officer, director, or managing agent, or a person designated under Civ.R. 30 (B) (5) or Civ.R. 31 (A) fails to appear at his or her deposition, the trial court may take any action authorized by Civ.R. 37 (B) (2) (c), which includes default judgment. By the time Hall filed the notice of Mainous' deposition, she had already filed the amended complaint, making Mainous a non-party. While Mainous appears to be the Church's pastor, nothing in the record indicates that he was the Church's officer, director, or managing agent, or that he had been designated under Civ.R. 30 (B) (5) or Civ.R. 31 (A) to testify on behalf of the Church. In short, the trial court acted unreasonably and arbitrarily in awarding default judgment against a party on the basis that a non-party had failed to appear for his deposition.
Accordingly, we sustain Mainous and the Church's first, second and fourth assignments of error.
 IV.
We do not address Mainous and the Church's third assignment of error as it is moot. See App.R. 12 (A) (1) (c).
 V.
In sum, we sustain Mainous and the Church's first, second and fourth assignments of error and find that their third assignment of error is moot. Accordingly, we reverse the judgment of the trial court.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J.: Concur in Judgment and Opinion, Harsha, J.: Concur with Attached Concurring Opinion.
 _______________________________ Roger L. Kline, Presiding Judge