[Cite as *Recovery Funding, L.L.C. v. Spiers*, 2020-Ohio-364.]

COURT OF APPEALS
FRANKLIN COUNTY, OHIO
TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| RECOVERY FUNDING, LLC | : | Hon. John W. Wise, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| -vs- | : | Sitting by Assignment of the |
| | : | Supreme Court of Ohio |
| | : | |
| EDWARD F. SPIERS, et al. | : | Case No. 19AP000274 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
Case No. 17CV008575


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     February 4, 2020


APPEARANCES:

For Plaintiff-Appellant          For Defendants-Appellees

RICK BRUNNER                   No Appearance
BRUNNER QUINN
35 North Fourth Street, Suite 200
Columbus, Ohio  43215

*Wise, John, P.J.*

{¶1}   Plaintiff-Appellant Recovery Funding, LLC appeals the January 16, 2018, February 9, 2018, February 26, 2018, June 4, 2018 and March 27, 2019, decisions entered in the Franklin County Court of Common Pleas denying its various motions and dismissing its Complaint.

## STATEMENT OF THE FACTS AND CASE

{¶2}   The facts as found by the trial court are as follows:

{¶3}   On June 22, 2017, Plaintiff Recovery Funding, LLC, as assignee of The Brunner Firm Co., LPA dba Brunner Quinn, filed suit against Defendant Edward F, Spiers, Defendant Nashon E. Owens, and Defendant Buckeye Building Solutions LTD in the Franklin County Municipal Court alleging it was owed $10,096.64 in unpaid legal fees. *See Recovery Funding, LLC v. Edward F. Spiers, et al.,* Case No. 2017CVF 020734.

{¶4}   The municipal court granted default judgment and set the matter for a damages hearing before a magistrate.

{¶5}   On September 12, 2017, the magistrate adopted a Proposed Decision submitted by Plaintiff, recommending that Plaintiff be awarded $10,275.22 in compensatory damages and exemplary damages up to the court's jurisdictional limit in the amount of $4,724.78. The municipal court judge adopted the magistrate's recommendation the same day.

{¶6}   On September 22, 2017, following this award of judgment in the Municipal Court, Plaintiff-Appellant filed a Creditor's Bill Complaint and Related Relief by Judgment Creditor action in the Franklin County Court of Common Pleas alleging that it

was entitled to the remainder of the treble/exemplary damages awarded by the municipal court, which the municipal court could not order due to its jurisdictional limit. Plaintiff specifically sought a declaratory judgment that it was entitled to $21,375.44 in damages in addition to the amount awarded by the municipal court.

{¶7} On December 15, 2017, Plaintiff Recovery Funding, LLC, filed a Motion Pursuant to Civil Rule 8(D) to Have Averments of the Complaint Deemed Admitted as True and a Motion for Default Judgment as to Defendant Nashon Owens.

{¶8} Defendant Nashon Owens appeared *pro se* and moved to dismiss Plaintiff's Complaint.

{¶9} On January 9, 2018, Plaintiff filed an Amended Complaint. The Amended Complaint did not include Defendant Nashon Owens in the case caption. As such, on January 16, 2018, the trial court found Plaintiff's motion for default judgment and Owens' motion to dismiss to be moot.

{¶10} On January 17, 2018, Plaintiff moved to strike Nashon Owens' motion to dismiss. As the trial court had already determined that Nashon Owens' motion was moot, the trial court found Plaintiff's motion to strike moot as well

{¶11} On January 25, 2018, Plaintiff filed a Motion Pursuant to Civ.R 60(A) with Respect to the Court's Entry of January 16, 2018. Plaintiff asserted that it did not dismiss Defendant Nashon Owens from its Amended Complaint, and therefore, the trial court's January 16, 2018, Entry contained a "clerical error". Citing Civ.R. 10(A), the trial court rejected Plaintiff's argument that it was not necessary to include Defendant Nashon Owens in the caption of its Amended Complaint.

**{¶12}** On February 26, 2018, the trial court denied Plaintiff's Motion to Have Averments in Creditor's Bill Complaint Deemed Admitted as True Pursuant to Civ.R. 8(D) and for Default Judgment Pursuant to Civ.R. 55(A) as to Defendant Edward F. Spiers, filed December 28, 2017, also based on Civil R. 10(A).

**{¶13}** On June 4, 2018, the trial court denied Plaintiff's Motion Pursuant to Civil Rule 60(A), and for Reconsideration with Respect to the Court's Entries of January 17, 2018, February 9, 2018, and February 26, 2018, filed April 23, 2018. The trial court suggested that while Plaintiff disagrees with the court's rulings on the issues, Plaintiff could address the court's rulings by filing an amended complaint in compliance with Civil R. 10(A). The court further suggested that Plaintiff should also consider the potential issues of *res judicata*, failure to join necessary parties, and failure to file a preliminary judicial report

**{¶14}** On September 7, 2018, Plaintiff filed its Second Amended Complaint. Plaintiff received certified mail service upon Defendants Nashon D. Owens, Edward Spiers, Buckeye Building Solutions LTD, and Bonita Spears on September 15-17, 2018. Plaintiff performed ordinary mail service upon Defendant Decquelyn Owens on November 20, 2018.

**{¶15}** On September 14, 2018, Plaintiff, through counsel, and Defendants Edward Spiers and Buckeye Building Solutions, LTD, both *pro se*, filed a Stipulated Entry of Settlement as to Defendants Edward Spiers and Buckeye Building Solutions LTD, only.

**{¶16}** On October 18, 2018, Plaintiff filed a motion for default seeking to have the averments of the Complaint admitted as true as to Nashon Owens and Back to Life Home Improvements, LLC.

**{¶17}** On December 3, 2018, Plaintiff filed a bench brief as to the issue of *res judicata*.

**{¶18}** On December 21, 2018, Plaintiff filed a motion for default as to Decquelyn Owens.

**{¶19}** By Decision and Entry filed March 28, 2019, the trial court denied the motions for default and dismissed Plaintiff's Complaint and all claims therein.

**{¶20}** Appellant now appeals to this Court, assigning the following errors for review:

### ASSIGNMENTS OF ERROR

**{¶21}** "I. THE TRIAL COURT ERRED IN *SUA SPONTE* DISMISSING PLAINTIFF-APPELLANT'S COMPLAINT WITHOUT NOTICE AND BY (I) APPLYING R.C. §2715.01(E) TO PLAINTIFF-APPELLANT'S CREDITOR'S BILL ACTION AS OPPOSED TO R.C. §2333.01, OR EQUITY, AND (II) REQUIRING PLAINTIFF-APPELLANT'S CLAIMS TO MEET A HEIGHTENED PLEADING STANDARD BEYOND CIV.R. 8(A).

**{¶22}** "II. THE TRIAL COURT ERRED IN FAILING TO GRANT DEFAULT JUDGMENT TO PLAINTIFF-APPELLANT, INCLUDING ITS INITIAL DENIAL BASED UPON A FINDING THAT USING "ET AL." IN THE CASE CAPTION FOR AN AMENDED COMPLAINT INSTEAD OF RELISTING PREVIOUSLY NAMED, SERVED,

AND DEFAULTING DEFENDANTS ACTED AS A DISMISSAL OF THOSE DEFENDANTS PURSUANT TO CIV.R. 10(A).

**{¶23}** "III. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF-APPELLANT'S CLAIM RELATED TO THE AWARD OF EXEMPLARY DAMAGES WAS BARRED BY *RES JUDICATA."*

**II.**

**{¶24}** For Ease of discussion, we shall address Plaintiff's assignments of error out of order.

**{¶25}** In its second assignment of error, Appellant argues that the trial court erred in denying its motions for default judgment. We disagree.

**{¶26}** This Court will not reverse a trial court's decision on a default judgment absent an abuse of discretion. *Huffer v. Cicero* (1995), 107 Ohio App.3d 65, 74, 667 N.E.2d 1031; *King v. Stump,* (Dec. 28, 1998), Ross App. No. 97CA2349, unreported. An abuse of discretion involves more than merely an error in judgment; it means that the trial court has acted in an unreasonable, unconscionable, or arbitrary manner. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24.

**{¶27}** Here, while Appellant's initial Complaint listed Nashon Owens as a defendant, the January 9, 2018, Amended Complaint did not include him in the case caption. The trial court therefore found Appellant's Motion to Have Averments in Creditor's Bill Complaint Deemed Admitted as True Pursuant to Civ.R. 8(D) and for Default Judgment Pursuant to Civ.R. 55, as well as Nashon Owen's motion to dismiss, to be moot.

**{¶28}** An amended complaint supersedes and replaces the original complaint. *Abram & Tracy, Inc. v. Smith* (1993), 88 Ohio App.3d 253, 263, 623 N.E.2d 704, 710–711; *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 519, 620 N.E.2d 152, 156. *See, also*, *Hidey v. Ohio State Hwy. Patrol* (1996), 116 Ohio App.3d 744, 689 N.E.2d 89. As the Ohio Supreme Court stated in *Wrinkle v. Trabert,* 174 Ohio St. 233, 188 N.E.2d 587 (1963), paragraph three of the syllabus, "[t]he substitution of an amended petition for an earlier one ordinarily constitutes an abandonment of the earlier pleading and a reliance upon the amended one. (Paragraph one of the syllabus in *Grimm v. Modest,* 135 Ohio St. 275, 20 N.E.2d 527, *approved and followed.*)" "The earlier pleading becomes functus officio." *State ex rel. Talaba v. Moreland,* 132 Ohio St. 71, 75, 5 N.E.2d 159 (1936). As an initial matter, we note that the assertions made in Appellant's original complaint are no longer viable, Appellant having replaced his original complaint with an amended complaint. The substitution of an amended complaint for an earlier one ordinarily constitutes an abandonment of the earlier pleading and a reliance upon the amended one. *Hidey v. Ohio State Hwy. Patrol* (1996), 116 Ohio App.3d 744; *Ross v. Jones* (June 30, 1988), Butler App. No. CA87-10-135, unreported, citing *Wrinkle v. Trabert* (1963), 174 Ohio St. 233, paragraph three of the syllabus; *Grimm v. Modest* (1939), 135 Ohio St. 275.

**{¶29}** Therefore, Nashon Owens was not a party to this case once Appellant filed its amended complaint. A trial court may not grant default judgment against a defendant when the amended complaint fails to name that defendant, even if that defendant is named in the original complaint. *Ross v. Jones* (June 30, 1988), Butler

App. No. CA87-10-135, unreported; *Hall v. Mainous*, 4th Dist. Scioto No. 99CA2680, 2000 WL 1206609.

**{¶30}** Therefore, the trial court did not abuse its discretion when it denied default judgment against Owens.

**{¶31}** Appellant's second assignment of error is overruled.

**III.**

**{¶32}** In its third assignment of error, Appellant argues the trial court erred in finding his exemplary damages claims were barred by the doctrine of *res judicata*. We disagree.

**{¶33}** Upon review, we find that while the trial court in its decision did find Plaintiff's claims seeking the remainder of the treble/exemplary damages awarded by the municipal court were barred by *res judicata*, it also denied and dismissed said claims for failure to state a claim upon which relief can be granted. (*See* Decision and Entry, pages 4-5).

**{¶34}** As stated by the trial court, Plaintiff in this matter knew the amount of damages it was seeking against Nashon Owen for unpaid legal fees when it made the decision to file its complaint and litigate its claims in municipal court. Plaintiff was aware of the jurisdictional limits of the municipal court when it made such decision. Further, we find that the municipal court only awarded $4,724.79 in exemplary damages as is reflected in its Conclusions of Law (iii) wherein it stated "…given the jurisdictional limit of this court the total award of exemplary damages is limited to $4,724.79." (*See* Magistrate's Decision, page 2).

**{¶35}** As such, we find that the trial court was correct in finding that Plaintiff had failed to set forth any claims upon which relief can be granted.

**{¶36}** Appellant's third assignment of error is overruled.

**I.**

**{¶37}** In its first assignment of error, Appellant argues that the trial court erred in dismissing its Complaint. We disagree.

**{¶38}** Appellant herein argues that the trial court erred in *sua sponte* dismissing his Complaint without first providing it notice and an opportunity to respond.

**{¶39}** "In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) only if the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995).

**{¶40}** However, courts have recognized an exception to the rule requiring notice prior to dismissal when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Edwards,* 72 Ohio St.3d 106, 108, 647 N .E.2d 799 (1995). "*Sua sponte* dismissal of a case on the merits without [prior] notice is appropriate only if the complaint is frivolous or the claimant 'obviously cannot prevail' on the facts alleged in the complaint." *State ex rel. Williams v. Trim,* 145 Ohio St.3d 204, 2015–Ohio–3372, 48 N.E.3d 501, ¶11, citing *State ex rel. Cincinnati Enquirer v. Ronan,* 124 Ohio St.3d 17, 2009–Ohio–5947, 918 N.E.2d 515, ¶3, quoting *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006–Ohio–6573, 859 N.E.2d 923, ¶14, and citing *State ex rel. Duran v. Kelsey,* 106 Ohio St.3d 58, 2005–Ohio–3674, 831 N.E.2d 430, ¶7.

**{¶41}** As set forth above, we have already found that Appellant cannot prevail on the facts alleged in the Complaint. We therefore find it was not error for the trial court to dismiss Appellant's complaint on its own motion.

**{¶42}** Appellant's first assignment of error is overruled.

**{¶43}** Accordingly the judgment of the Court of Common Pleas of Franklin County, Ohio, is affirmed.


By: Wise, John, P.J.

Baldwin, J., and

Wise, Earle, J., concur.

Sitting by Assignment of the
Supreme Court of Ohio


_____
HON. JOHN W. WISE


_____
HON. CRAIG R. BALDWIN


_____
HON. EARLE E. WISE, JR.

JWW/d 0115

[Cite as *Recovery Funding, L.L.C. v. Spiers*, 2020-Ohio-364.]

IN THE COURT OF APPEALS FOR FRANKLIN COUNTY, OHIO

TENTH APPELLATE DISTRICT

RECOVERY FUNDING, LLC,

            Plaintiff-Appellant

-vs-

EDWARD F. SPIERS, et al.

            Defendants-Appellees

:
:
:
:
:
:
:
:

JUDGMENT ENTRY

CASE NO. 19AP000274

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Franklin County, Ohio, is affirmed.

Costs assessed to Appellant.

Sitting by Assignment of the
Supreme Court of Ohio

_____
HON. JOHN W. WISE

_____
HON. CRAIG R. BALDWIN

_____
HON. EARLE E. WISE, JR.